# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

**MIKE HUCKABEE**

     Plaintiff,

v.

**META PLATFORMS, INC.**

     Defendant

Case No.     24-cv-773-GBW

---

## MIKE HUCKABEE'S RESPONSE IN OPPOSITION TO META PLATFORMS, INC.'S MOTION TO DISMISS

---

**BELLEW, LLC**

Sean J. Bellew, Delaware Bar No. 4072
sjbellew@bellewllc.com
2961 Centerville Rd., Ste. 302
Wilmington, DE 19808
(302) 252-4951

**POYNTER LAW GROUP, PLLC**

Scott Poynter, Ark. Bar 90077*
scott@poynterlawgroup.com
Daniel Holland, Ark. Bar 2019237*
daniel@poynterlawgroup.com
Clay Ellis, Ark. Bar 2023183*
clay@poynterlawgroup.com
4924 Kavanaugh Blvd.
Little Rock, AR 72207
(501) 812-3943

*Admitted pro hac vice*

*Attorneys for Plaintiff*

DATED: October 7, 2024

## TABLE OF CONTENTS

NATURE AND STAGE OF PROCEEDINGS ........................................................................ 1

STATEMENT OF FACTS ........................................................................................................ 1

SUMMARY OF ARGUMENT ................................................................................................. 2

ARGUMENT .............................................................................................................................. 4

   I.   SECTION 230 IS INAPPLICABLE TO PLAINTIFF'S CLAIMS. ................................................ 4

      *A. Meta materially contributed to the scam ads and must be held liable.* ................ 6

      *B. Meta did not act as an interactive computer service provider.* .............................. 9

      *C. Even if Section 230 could apply, Plaintiff's claims qualify for exceptions under Section 230(e).* ................................................................................................................. 11

   II.   EACH OF PLAINTIFF'S CLAIMS PLEAD PLAUSIBLE CAUSES OF ACTION. ..................... 15

      *A. The Frank Broyles Publicity Protection Act is properly pled.* .............................. 15

      *B. The common law invasion of privacy claims are properly pled alternatively to the Broyles Act.* ............................................................................................................... 17

      *C. The unjust enrichment claim is properly pled.* ...................................................... 19

      *D. Plaintiff's request for declaratory and injunctive relief survive with his substantive claims.* ..................................................................................................... 20

CONCLUSION ...................................................................................................................... 20

# TABLE OF CITATIONS

## Cases

*Anderson v. TikTok, Inc.*, --- F.4th ---- 2024 WL 3948248 (3d Cir. 2024) ................ 9, 10, 11, 14

*Ascentive, LLC v. Opinion Corp.*, 842 F.Supp.2d 450 (E.D. N.Y. 2011) ................................ 17

*Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168 (3d Cir. 1978) .................................................. 7

*Brody v. Hankin*, 145 Fed.Appx. 768 (3d Cir. 2005) ...................................................................... 7

*Cabaniss v. Hipsley*, 151 S.E.2d 496 (Ga. Ct. App. 1966) ........................................................ 20

*Campbell v. Asbury Auto., Inc.*, 381 S.W.3d 21 (Ark. 2011) ..................................................... 22

*Carafano v. Metrosplash.com, Inc.*, 339 F.3d 1119 (9th Cir. 2003) .......................................... 12

*Cisneros v. Sanchez*, 403 F.Supp.2d 588 (S.D. Tex. 2005) ................................................... 15, 16

*Dodrill v. Arkansas Democrat Co.*, 590 S.W.2d 840 (Ark. 1979) ................................... 20, 21, 22

*Doe Through Roe v. Snap, Inc.*, 144 S.Ct. 2493 (2024) .............................................................. 9

*Ebeid v. Facebook, Inc.*, Case No. 18-cv-07030-PJH, 2019 WL 2059662 (N.D. Cal. 2019) .... 13

*Erickson v. Pardus*, 551 U.S. 89 (2007) ...................................................................................... 7

*Fair Housing of San Fernando Valley v. Roommates.Com, LLC*, 521 F.3d 1157 (9th Cir. 2008)
........................................................................................................................................... 9, 12

*Fed. Agency of News LLC v. Facebook, Inc.*, 432 F.Supp.3d 1107 (N.D. Cal. 2020) ............... 13

*Forrest v. Meta Platforms, Inc.*, --- F.Supp.3d ---- 2024 WL 3024642 (N.D. Calif., June 17,
2024) .......................................................................................................................................... 5, 7

*Fraley v. Facebook, Inc.*, 830 F.Supp.2d 785 (N.D. Cal. 2011) ........................................... 13, 14

*Halvorson v. Trout*, 527 S.W.2d 573 (Ark. 1975) ..................................................................... 22

*Hepp v. Facebook, Inc.*, 14 F.4th 204 (3d Cir. 2021) ............................................................ 8, 16

*Hepp v. Facebook, Inc.*, 465 F.Supp.3d 491 (E.D. Pa. 2020) ...................................................... 8

*Kabbaj v. Google Inc.*, 592 Fed.Appx. 74 (3rd Cir. 2015) ........................................................ 23

*Kabbaj v. Google, Inc.*, Civ. No. 13-1522-RGA, 2014 WL 1369864 (D. Del. April 7, 2014) .... 9

*Kellman v. Spokeo, Inc.*, 599 F.Supp.3d 877 (N.D. Cal. 2022) .................................................. 11

*Malwarebytes, Inc. v. Enigma Software Group USA, LLC*, 141 S.Ct. 13 (2020) ...................... 16

*Moody v. NetChoice, LLC*, 144 S.Ct. 2383 (2024) .................................................................. 10

*Moore v. Kulicke & Soffa Indus., Inc.*, 318 F.3d 561 (3d Cir. 2003) ......................... 8, 11, 14, 17

*Moretti v. Hertz Corp.*, C.A. No. 14-469-LPS, 2017 WL 1032783 (D. Del. March 17, 2017) . 8, 9, 12, 14

*Newcombe v. Adolf Coors Co.*, 157 F.3d 686 (9th Cir. 1998) ................................................... 20

*Pace v. Baker-White*, 432 F.Supp.3d 495 (E.D. Penn. 2020) ................................................... 11

*Parker v. Paypal, Inc.*, Civil Action No. 16-4786, 2017 WL 3508759 (E.D. Penn. 2017) ....... 17

*Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008) ................................................... 7

*Rosetta Stone Ltd. v. Google Inc.*, 732 F.Supp.2d 628 (E.D. Va. 2010) ................................... 17

*Schmidt v. Skolas*, 770 F.3d 241 (3d Cir. 2014) ......................................................... 8, 11, 14, 16

*Sikhs Just. "SFJ," Inc. v. Facebook, Inc.*, 144 F.Supp. 3d 1088 (N.D. Cal. 2015) .................... 13

*Stanley v. Gen. Media Commc'ns, Inc.*, 149 F.Supp.2d 701 (W.D. Ark. 2001) ...................... 19

*Time, Inc. v. Hill*, 385 U.S. 374 (1967) .............................................................................. 21, 22

*Whitley v. Irwin*, 465 S.W.2d 906 (Ark. 1971) ....................................................................... 22

## Statutes

47 U.S.C. § 230 (1996) .......................................................................................................... passim

Ark. Code Ann. § 4-75-1101 *et seq.* ....................................................................................... passim

**<u>Other Authorities</u>**

1 R. Smolla, Law of Defamation § 4:86 (2d ed. 2019) ............................................................. 16

**<u>Rules</u>**

Fed.R.Civ.P. 15...................................................................................................................... 20

Fed.R.Civ.P. 8........................................................................................................................ 17

## NATURE AND STAGE OF PROCEEDINGS

Governor Mike Huckabee ("Governor Huckabee" or "Plaintiff") brings this action against Meta Platforms, Inc. ("Meta") for its approval and promotion of deceptive advertisements that falsely show Plaintiff endorsing cannabidiol ("CBD") drug supplements. Meta moved to dismiss Plaintiff's Complaint ("D.I.1") under Federal Rule of Civil Procedure 12(b)(6) with a claim of immunity. Governor Huckabee respectfully submits this brief in opposition to the Motion to Dismiss ("D.I.18") because Meta has not met its burden of demonstrating its affirmative defense applies beyond dispute.

## STATEMENT OF FACTS

Governor Huckabee is an Arkansan, Baptist minister, former governor, two-time presidential candidate, New York Times best-selling author, and a nationally syndicated radio and television host. D.I.1., ¶ 2. Meta, formerly known as Facebook, Inc., is one of the most dominant advertising companies in the world. *Id.*, ¶ 7-8.

Around May of 2024, Governor Huckabee learned Meta was promoting scam advertisements unauthorizedly utilizing his name, image, and likeness. ¶ 13. These scam ads purported to show Governor Huckabee suffering from an autoimmune disease and endorsing CBD supplements. ¶¶ 13 - 19. Governor Huckabee neither has the purported disease nor has he ever endorsed marijuana or its derivatives. ¶ 34. Some of the scams even directed users to an uncanny and fake "FoxNews.com." ¶ 16. Unfortunately, Governor Huckabee is now wrongly associated with the marijuana industry, ¶ 23, and some fans purchased the fake products believing the advertisements to be true. ¶ 22.

To ensure maximum exposure, interactivity, and profitability of these scam ads, Meta utilized its machine-learning algorithms to predict what content will keep and attract users, thus deciding when and where advertisements appeared on users' feeds. ¶ 10-11. In fact, Meta has successfully hosted, promoted, approved, and maintained similar fraudulent ads targeting various public figures since as early as 2021. ¶ 24.

## SUMMARY OF ARGUMENT

Governor Huckabee seeks to hold Meta liable for its first-party responsibility in unauthorizedly utilizing Plaintiff's name, image, and likeness rights for Defendant's own commercial benefit. Meta manipulates and misrepresents the Complaint's allegations to escape liability through its Rule 12 motion and its self-serving interpretation of Section 230 immunity. Importantly, Meta's affirmative defense is only potentially determinative at the Rule 12 stage, because Meta must prove it "beyond dispute" from the Complaint's allegations, and therefore, that Plaintiff has pled himself out of court by admitting the proposed impenetrable defense. *Forrest v. Meta Platforms, Inc.*, --- F.Supp.3d ---- 2024 WL 3024642 (N.D. Calif., June 17, 2024). Plaintiff has not done so, and Meta cannot demonstrate its affirmative defense beyond dispute for several reasons.

First, Section 230 of the Communications Decency Act ("Section 230") is facially inapplicable to this case. Section 230 only provides immunity to interactive computer service providers who are treated as the publishers of third-party content. But in this case, Meta is not an interactive computer service, nor is it being held liable for third-party content. In the Third Circuit, algorithmically curating and promoting content transforms a third-party submission into your own first-party expression. Therefore, Plaintiff is

2

seeking to hold Meta liable for its own conduct. *Infra* § I.A. And in promoting the ads, Meta was not an interactive computer service. It was a content provider, which holds no protections under Section 230. *Infra* § I.B.

Second, even if Section 230 did apply, Plaintiff's claims fall within Section 230(e)'s exceptions. Section 230 does not preempt state law just because Defendant raises it. Instead, Section 230 is narrowly tailored to only preempt state laws inconsistent with it. If Plaintiff's state law claims are not inconsistent with Section 230, they may proceed. *Infra* § I.C. Plaintiff's claims under the Broyles Act, invasion of privacy, and unjust enrichment all serve different purposes than Section 230; therefore, they are not inconsistent and survive.

Third, Plaintiff's claims are pled properly. Under the Frank Broyles Publicity Protection Act ("Broyles Act"), Meta unauthorizedly benefitted from Governor Huckabee's name, image, and likeness rights and must disgorge its profits to Governor Huckabee. *Infra* § II.A. Similarly, this wrongdoing amounts to a common law invasion of privacy because Meta had knowledge of the scam ads' falsity or acted with reckless disregard of the truth. *Infra* § II.B. Under the unjust enrichment claim, Meta used Governor Huckabee's name, image, and likeness rights without permission. Meta does not have a legal right to retain profits from scam ads that unlawfully used Governor Huckabee's likeness and fails to show any equitable ground to retain the monies. *Infra* § II.C.

Finally, Governor Huckabee's request for declaratory, injunctive, and disgorgement relief survive with his causes of action. To the extent any causes of action

do not survive, they should be dismissed without prejudice so that justice may be freely served. *Infra* § II.D-III.

## ARGUMENT

Meta's arguments are grounded in its affirmative defense of Section 230 immunity. Of course, at this procedural stage, the Court must presume the facts pled in the Complaint are true and view them in the light most favorable to Plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). However, Meta mispresents the Complaint's factual allegations to fit its prayer for immunity and complete dismissal of all claims.

Meta's assertion of Section 230 immunity is an affirmative defense, which places the burden on Meta to demonstrate through the Complaint's actual allegations that Section 230 immunity is "beyond dispute," and thus, is evident from the face of the Complaint. *Forrest*, 2024 WL 3024642 at *3; *see also Brody v. Hankin*, 145 Fed.Appx. 768, 771 (3d Cir. 2005); citing *Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 n. 10 (3d Cir. 1978). Indeed, Meta must show that Governor Huckabee has pled himself "out of court" and "admits all the ingredients of an impenetrable defense." *Forrest*, at *2. Plaintiff has not pled himself out of court, and obviously has not admitted to Meta's hope for immunity. *Id.* As demonstrated below, the Complaint properly pleads Meta is a content provider and the false ads at issue were its own first-party content that violated Governor Huckabee's legal rights.

## I.   Section 230 is Inapplicable to Plaintiff's Claims.

Meta bears the burden of establishing its Section 230 defense through the allegations in the Complaint, which are to be presumed true. It cannot do so, and rests its

motion on untruths it says, without citation, are in Plaintiff's original pleading. It appears, albeit unclear, that Meta attempts to fit the allegations here into another case where it secured complete dismissal from the Eastern District of Pennsylvania four years ago.

In *Hepp v. Facebook, Inc.*, 465 F.Supp.3d 491 (E.D. Pa. 2020), the district judge granted Meta's motion to dismiss based upon its Section 230 immunity defense. There, the District Court determined the three necessary elements of Section 230 were met based upon the plaintiff's pleading and plaintiff's concessions. Here, obviously, Governor Huckabee has not conceded anything. More importantly, the District Court's decision in *Hepp* was overturned by the Third Circuit – even in the context of what was pled there and what the plaintiff there had conceded. *See Hepp v. Facebook, Inc.*, 14 F.4th 204 (3d Cir. 2021).

Regardless, Meta must demonstrate from the face of the Complaint, and its true and unmanipulated allegations, an airtight Section 230 affirmative defense to Governor Huckabee's claims. *Moore v. Kulicke & Soffa Indus., Inc.*, 318 F.3d 561, 566 (3d Cir. 2003). It follows that Meta cannot take Governor Huckabee's properly pleaded factual allegations and twist them into alleging something for Meta's own purpose. Indeed, the Complaint does not need to *negate* the elements of Section 230, *Moretti v. Hertz Corp.*, C.A. No. 14-469-LPS, 2017 WL 1032783, *3 (D. Del. March 17, 2017), and legal possibilities may be left open. *Id; see also Schmidt v. Skolas*, 770 F.3d 241, 248 (3d Cir. 2014) ("a complaint does not fail to state a claim simply because it omits facts that would defeat [an affirmative defense]").

Immunity under Section 230 requires Meta to prove three elements: "(1) defendant must be a provider or user of an 'interactive computer service;' (2) the asserted claims must treat defendant as a publisher or speaker of information; and (3) the challenged communication must be 'information provided by another information content provider.'" *Kabbaj v. Google, Inc.*, Civ. No. 13-1522-RGA, 2014 WL 1369864, *2, (D. Del. April 7, 2014). None of Plaintiff's claims support nor concede any element of Section 230 immunity. Instead, Meta twists the Complaint's allegations and stretches Section 230 – originally designed in part to protect minors from obscene content – to shield itself from liability for publishing unlawful, profit-generating ads. *See* 47 U.S.C. § 230(b)(4); *see also Doe Through Roe v. Snap, Inc.*, 144 S.Ct. 2493, 2494 (2024) (Thomas, J., dissenting from denial of certiorari) ("In the platforms' world, they are fully responsible for their websites when it results in constitutional protections, but the moment that responsibility could lead to liability, they can disclaim any obligations and enjoy greater protections from suit than nearly any other industry.").

**A. Meta materially contributed to the scam ads and must be held liable.**

Section 230 immunity does not apply if the defendant is "responsible, in whole or in part, for the creation or development of" the alleged unlawful content. 47 U.S.C. § 230(f)(3); *see Fair Housing of San Fernando Valley v. Roommates.Com, LLC*, 521 F.3d 1157, 1162 (9th Cir. 2008); *see also Moretti*, at n.1 (explaining the Third Circuit would likely apply the "material contribution" test). Or in other words, Meta is liable if they are sued "for their own expressive activity or content (i.e., first-party speech)." *Anderson v. TikTok, Inc.*, --- F.4th ---- 2024 WL 3948248, *2 (3d Cir. 2024). Under Third Circuit authority,

algorithmically pushing content on Meta's platforms transforms a third-party ad into Meta's own expressive conduct. *See Anderson* at *3. The Complaint alleges just that.

The Third Circuit, in *Anderson*, explains that when platforms like Meta "curate compilations of others' content via their expressive algorithms . . . doing so amounts to first-party speech under § 230." There, third-party videos were posted on TikTok and TikTok's algorithm curated videos to ten-year-old Nylah's "For You Page." *Id.* at *1. Nylah attempted the third-party's "Blackout Challenge" and unintentionally hanged herself. *Id.* By using its algorithm to decide how third-party speech is organized and displayed on user's screens, TikTok's recommendation of third-party content became TikTok's "own 'expressive activity' . . . and thus its first-party speech." *Id.* at *3. Thus, Section 230 did not immunize TikTok. *Id.; see also Moody v. NetChoice, LLC*, 144 S.Ct. 2383, 2393 (2024) (by using the algorithm, platforms "shape other parties' expression into their own curated speech products").

The Complaint alleges "Meta collects user data to train machine-learning algorithms to predict what content will keep and attract users . . . . As a result, Meta decides which posts appear at the top of users' newsfeed to maximize exposure to certain posts, including advertisements." D.I.1., ¶ 10. And this makes sense. When you scroll on Facebook or Instagram and see an ad, another user sees a different ad based on her movements or interests. There is only one space available for ads and the algorithm decides what a user sees. Just like TikTok's "For You Page" is TikTok's own conduct, the ads Meta pushes through its algorithm are its own conduct. *Anderson* at *3. Because the

Complaint alleges Meta created, at least in part, the fraudulent ads, D.I.1., ¶ 23, Section 230 does not immunize Meta. *Anderson* at *3.

Meta spends one sole paragraph falsely concluding that Governor Huckabee alleges the advertisements were provided by another. D.I.18 at 14-15. Not only is this an improper burden shift, *see Moore* at 566; *see also Schmidt* at 248, but Meta also fails to analyze any law. In fact, two more cases from this half decade are instructive. In *Pace v. Baker-White*, the court found that by creating an introductory narrative to allegedly defamatory content, defendants became more than passive transmitters and materially contributed to the content. 432 F.Supp.3d 495, 508 (E.D. Penn. 2020). And in *Kellman v. Spokeo, Inc.*, the court found that by taking content, curating, and uploading to its website, the defendant was partially responsible for the creation and development of the content, discharging Section 230 immunity. 599 F.Supp.3d 877, 898 (N.D. Cal. 2022).

In *Pace*, it took something as simple as inserting introductory paragraphs to third-party content to transform it into first-party expression. Here, Meta is doing much more. In addition to hosting and promoting the alleged unlawful content, Meta has created an algorithm to promote which content users see, D.I.1., ¶ 10—similar to and exceeding an introductory narrative. 432 F.Supp.3d at 508. And like *Kellman*, Meta is taking advertisements, its algorithm is curating what is shown, and Meta uploads the alleged unlawful content. D.I.1., ¶¶ 8, 10, 20, 23, 24. As such, Meta is responsible for the creation and development of the false ads. 599 F.Supp.3d at 898.

No matter how it is framed, Governor Huckabee's complaint does not allege the advertisements were provided by another content provider. Rather, it alleges Meta uses

its algorithm to curate which unlawful advertisements users see on their feeds. Under the well-pleaded facts and Third Circuit authority, Meta's actions were transformed into its own expressive conduct and not immunized by Section 230.

### B. Meta did not act as an interactive computer service provider.

Meta simply misrepresents the Complaint and concludes, "Thus, the Complaint alleges that Meta is an 'interactive computer service' for purposes of Section 230." D.I.18 at 7. The Complaint does no such thing.

An "interactive computer service provider" is an "information service, system, or access software provider that provides or enables computer access by multiple users to a computer server." 47 U.S.C. § 230(f)(2). Such a provider is shielded from liability only in its capacity as a provider of interactive computer services—not its capacity as an information content provider. *See Moretti* at *3 (citing *Carafano v. Metrosplash.com, Inc.*, 339 F.3d 1119, 1123 (9th Cir. 2003)); *see also Roommates.com, LLC*, at 1162 ("A website operator can be both a service provider and a content provider[.]").

The Complaint is wholly focused on Meta's conduct as an advertising company utilizing algorithmic functions to push the scam ads violating Plaintiff's intellectual property. D.I.1., ¶¶ 8, 9, 10 ("In fact, almost 98% of Meta's $134 billion dollars in revenue last year came from the sale of advertisements"). As pled, Meta is a "content provider," and not an "internet service provider." Content providers are not immune. *See Moretti* at *3; *see also* 47 U.S.C. § 230(c)(1).

Meta avers "courts have repeatedly held that Meta . . . is an 'interactive computer service' for purposes of Section 230." D.I.18. at 12. Not only does this conclusion ignore the present factual circumstances pled within the Complaint, but this issue was conceded

or is distinguishable in Meta's cited cases. *See, e.g., Sikhs Just. "SFJ," Inc. v. Facebook, Inc.*, 144 F.Supp. 3d 1088, 1093 (N.D. Cal. 2015) (issue was conceded); *Ebeid v. Facebook, Inc.*, Case No. 18-cv-07030-PJH, 2019 WL 2059662, *3 (N.D. Cal. 2019) (issue was conceded); *Fed. Agency of News LLC v. Facebook, Inc.*, 432 F.Supp.3d 1107, 1117 (N.D. Cal. 2020) (allegations surrounded Facebook as a social media platform banning content, not an advertising platform providing content).

Obviously, Meta attempts to categorize every facet of its business as that of an interactive service provider solely for the benefit of Section 230 immunity. But Meta is also an information content provider with 98% of its revenue coming from advertising. Moreover, just because Meta was acting as an interactive computer service in one case does not make that true in this case. Indeed, Meta's conclusion notably ignores a similar case where the court found Facebook to be both a service provider and a content provider—so Section 230 immunities did not apply. *See Fraley v. Facebook, Inc.*, 830 F.Supp.2d 785 (N.D. Cal. 2011). There, Facebook was sued over its advertising services, specifically its "Sponsored Stories." *Id.* at 791. These "Sponsored Stories" would bear a user's likeness and make the assertion that the person "likes" the advertiser, even though plaintiffs never intended to endorse the advertisers, products, services, or brands. *Id.* Because the plaintiffs' complaint alleged Facebook created and developed, at least in part, the commercial content that violated their publicity rights, the court found Facebook to be both an interactive computer service and an information content provider. *Id.* at 801-02. As such, Facebook was not entitled to Section 230 immunity. *Id.*

Like *Fraley*, here, Governor Huckabee has alleged Meta's advertising practices violated his rights. D.I.1., ¶¶ 8, 9, 10, 19, 23, 24. These false advertisements bore Plaintiff's likeness and made the false assertion that the CBD products "turn[ed] his life around[.]" *Id.*, ¶ 14. Plaintiff never intended to endorse those products, and indeed, has been a lifelong opponent of marijuana. *Id.*, ¶ 34. In the presently alleged context of advertising and algorithms, Meta is a content provider and not immune. *See Fraley* at 803; *see also Anderson* at *3.

Summarily, Meta has failed to meet its burden of proving its affirmative defense from the Complaint's allegations. *Moore* at 566. Meta improperly distorts Governor Huckabee's complaint to formulate a premature Section 230 defense. *see Moretti* at *3; *see also Schmidt* at 248.

### C. Even if Section 230 could apply, Plaintiff's claims qualify for exceptions under Section 230(e).[1]

Initially, Section 230 is clearly inapplicable from the face of the Complaint, and therefore, the Court need not proceed further in denying the motion to dismiss. If, however, Section 230 does apply, the Court must proceed with deciphering Meta's next arguments.

Meta spends considerable effort arguing Governor Huckabee's claims do not qualify for the intellectual property limitation in Section 230's immunity, yet Meta ignores

---

[1] Governor Huckabee's Count III for declaratory, injunctive, and disgorgement relief lists the remedies for which Governor Huckabee is entitled if Meta is found liable. Governor Huckabee acknowledges these are not causes of action, but remedies.

11

the very next exception. Section 230(e)(2)-(3) contains two relevant exceptions under which Plaintiff's claims arise:

> (2) Nothing in this section shall be construed to limit or expand any law pertaining to intellectual property.

> (3) Nothing in this section shall be construed to prevent any State from enforcing any State law that is consistent with this section. No cause of action may be brought[,] and no liability may be imposed under any State or local law that is inconsistent with this section.

47 U.S.C. § 230(e)(2)-(3). Thus, as long as Governor Huckabee's state law claims are not inconsistent with Section 230, they must be applied. *See Cisneros v. Sanchez*, 403 F.Supp.2d 588, 592 (S.D. Tex. 2005) (Section 230 "is clearly not intended to completely preempt state law in any given area . . . This Court finds that the libel cause of action asserted by Plaintiff is consistent with [Section 230] as Plaintiff only seeks to hold Defendant liable for statements he actually authored, not for the statements of others.").

### 1. The Broyles Act is exempt under Section 230(e)(2)-(3).

In conclusory fashion, Meta argues Section 230 bars Count I's violations of the Broyles Act.[2] *See* D.I.18 at 10-11. This is incorrect. In fact, under a plain reading of the text, it becomes clear the Broyles Act indeed applies—not Section 230.

The Broyles Act provides, "[t]he property rights granted by this subchapter are not considered intellectual property for purposes of 47 U.S.C. § 230." Ark. Code Ann. § 4-75-1112(b). Rather than barring Governor's Count I, this language is informing the Court that the Broyles Act is separate and apart from Section 230 and so it does not

---

[2] Arkansas Code Annotated § 4-75-1101 *et seq.*

conflict. Because of this, Section 230 does not "limit" the Broyles Act's applicability. 47 U.S.C. § 230(e)(2).

Further, the legislative intent of Section 230 was "to promote the internet," *Hepp*, 14 F.4th 204, 208, whereas the Broyles Act's intent is to "[p]rotect the names, voices, signatures, photographs, and likenesses of the citizens of [Arkansas] from exploitation and unauthorized commercial use without the consent of the citizen." Ark. Code Ann. § 4-75-1102(b)(1). *See also Malwarebytes, Inc. v. Enigma Software Group USA, LLC*, 141 S.Ct. 13, 15 (2020) (Thomas, J. respecting the denial of certiorari) ("Adopting the too-common practice of reading extra immunity into statutes where it does not belong . . . courts have relied on policy and purpose arguments to grant sweeping protection to Internet platforms.") (paraphrasing 1 R. Smolla, Law of Defamation § 4:86, p. 4—380 (2d ed. 2019) ("[C]ourts have extended immunity in § 230 far beyond anything that plausibly could have been intended by Congress)).

Clearly, Section 230 and the Broyles Act are not inconsistent with one another; thus, Section 230 does not prevent the application of Arkansas law. 47 U.S.C. § 230(e)(3). Of course, as discussed above, Section 230 is inapplicable to Meta's own first-party conduct, and so there is no barrier to applying the Broyles Act. *Supra* § I.A; *see also Cisneros*, at 592.

### 2. Governor Huckabee's common law invasion of privacy claims are exempt under Section 230(e)(3).

Meta attempts to inappropriately shift the burden to Plaintiff. D.I.18 at 16 ("which Plaintiff does not attempt to allege is exempted from Section 230 immunity . . ."). This is improper. *Schmidt* at 248. It is Meta's burden to prove Section 230 immunity applies,

*Moore* at 566, which it cannot do. Discussed below, *infra* § II.B., Governor Huckabee's common law claims for invasion of privacy exist to the extent Meta did not use Plaintiff's property rights for commercial purposes. *See* D.I.18 at 19. Governor's invasion of privacy claims are not abrogated by any statute, and continue to apply as separate state laws under 47 U.S.C. § 230(e)(3).

### 3. Governor Huckabee's unjust enrichment claim is exempt under Section 230(e)(3).

Meta concludes that Governor Huckabee's unjust enrichment claim is "barred and preempted by Section 230 immunity." D.I.18 at 17. But a common law claim of unjust enrichment is not inconsistent with Section 230, nor is it abrogated by any statute. As long as Section 230 does not apply (it doesn't) and as long as unjust enrichment's elements are met (they are) then the claim survives. 47 U.S.C. § 230(e)(3).

None of Meta's cited cases are analogous to Plaintiff's case. In *Rosetta Stone Ltd. v. Google Inc.*, the court concluded Google was an interactive computer service provider and could not be liable for third party actions. 732 F.Supp.2d 628, 632 (E.D. Va. 2010). But as explained above, *supra* § I.B., Meta is not an interactive computer service provider and cannot meet the elements of a Section 230 defense. So, at this stage, Plaintiff's unjust enrichment claim survives. The same can be said for Meta's other citations. *See Parker v. Paypal, Inc.*, Civil Action No. 16-4786, 2017 WL 3508759, *7 (E.D. Penn. 2017) (plaintiff argued § 230 violated the Tenth Amendment, not that it did not apply); *Ascentive, LLC v. Opinion Corp.*, 842 F.Supp.2d 450, 474 (E.D. N.Y. 2011) (unjust enrichment claims failed only because § 230 elements were met). Accordingly, Governor Huckabee's unjust

14

enrichment claim survives because it is exempted under Section 230(e)(3), and also, because Section 230's elements are not met. *See supra* § I.B.

## II.   Each of Plaintiff's Claims Plead Plausible Causes of Action.

Because Meta is not protected by Section 230, the Court must turn to evaluating Plaintiff's causes of action. Plaintiff has properly pled all Counts of his Complaint.

### A. The Frank Broyles Publicity Protection Act is properly pled.

The Broyles Act exists to protect the name, image, and likeness of Arkansas citizens who have spent their lives developing and maintaining their reputations, Ark. Code Ann. § 4-75-1102, and to protect Arkansans from the exploitation and unauthorized commercial use of their likenesses. *Id.* Defendants are liable to a rights holder if the commercial use was not authorized. § 4-75-1108(a). "Commercial use" means the use of an individual's name, image, or likeness for "*advertising*, selling, or soliciting purchases of products, merchandise, goods, or services." § 4-75-1103(1)(A)(i) (emphasis added).

First, Meta hides behind the argument that it did not "actually kn[o]w the challenged advertisements were in violation of the [Broyles Act]." D.I.18. at 19. But the Complaint pleads facts, which must be presumed true, evidencing Meta's actual knowledge of its violation. For instance, Meta sells advertisements (D.I.1., ¶ 8), Meta uses its algorithm to popularize those advertisements (¶ 10), Plaintiff is a nationally recognized celebrity (¶ 12), Meta hosted a fake "FoxNews.com" link (¶ 16), Meta approved these scams (¶ 23), and Meta has been approving these scams for other celebrities *since at least* 2021 (¶ 24). Taking all the facts as true, Meta knew Governor Huckabee never endorsed marijuana derivatives, Meta knew the advertisements were

scams, and yet approved and maintained them to the detriment of yet another public figure.

Second, Meta argues it was third-party advertisers that misused Governor Huckabee's name, image, and likeness. D.I.18. at 19. But as explained above, the Complaint alleges it was Meta's own first-party expressive activity that developed and contributed to the misuse. *Supra* § I.A. By approving, maintaining, and algorithmically promoting the scam ads, Meta is liable for the "disgorgement of profits, funds, goods, or services" of the unauthorized commercial use. Ark. Code Ann. § 4-75-1108(a).

Defendant relies on *Stanley v. Gen. Media Commc'ns, Inc.* for the proposition that Meta did not benefit by simply publishing the scam ads. There, at summary judgment, the court found no appropriation. 149 F.Supp.2d 701, 706-07 (W.D. Ark. 2001). As to defendant SSL America, Inc., no evidence suggested it participated in publishing the damaging photo at issue; as to the other defendant General Media Communications, Inc., there was no evidence the photo was used to advertise *Penthouse* magazine.

Meta's reliance on *Stanley* ignores the facts of the present case. For instance, Governor Huckabee's complaint *does* allege Meta participated in the publication of his photo and false endorsements, D.I.1., ¶¶ 8, 10, 12, 15, 16, 23, 24, and it alleges commercial benefits related to the contents of the scam ads, ¶¶ 8, 10, 16, 20, 23, 24. Under the Broyles Act, "commercial use" means the unauthorized use of Governor Huckabee's name, image, or likeness "*in connection with* products, merchandise, goods, or other commercial activity . . . ." Ark. Code Ann. § 4-75-1103(1)(A)(ii) (emphasis added). Meta wrongly used Governor Huckabee's likeness and benefitted not only from the advertisement revenue,

D.I.1., ¶ 8, but also benefitted Meta's platforms by driving site traffic and showcasing its engaging advertisements for prospective clients. *Id.*, ¶ 16 ("A third-party advertisement took Facebook users to a website that appeared to be FoxNews.com"), ¶ 22 ("Plaintiff has talked to numerous fans who, unfortunately, believed these advertisements were true and purchased the CBD products"), ¶ 24 ("Since as early as 2021," Meta has approved and maintained scam ads exploiting the name, image, and likeness of media personalities). Because Meta both partially created the advertisement and earned commercial benefits "in connection with" the ads, *Stanley* is distinguishable. Ark. Code Ann. § 4-75-1103(1)(A)(ii).

Finally, Meta's citation to *Newcombe v. Adolf Coors Co.*, 157 F.3d 686 (9th Cir. 1998) and *Cabaniss v. Hipsley*, 151 S.E.2d 496 (Ga. Ct. App. 1966) are unpersuasive because the cases neither rely on the Broyles Act nor Arkansas law. For the foregoing reasons, Governor Huckabee's complaint properly pleads violations of the Frank Broyles Publicity Protection Act.

**B. The common law invasion of privacy claims are properly pled alternatively to the Broyles Act.**

Under Arkansas law, the unauthorized appropriation of a person's name or likeness, or publicity that unreasonably places that person in a false light, is an invasion of privacy. *Dodrill v. Arkansas Democrat Co.*, 590 S.W.2d 840, 844-45 (Ark. 1979). Plaintiff's common law claims for false light and appropriation are properly pled and viable claims. Fed.R.Civ.P. 8(e)(2) ("Pleadings must be construed so as to do justice").

Meta argues Governor Huckabee's common law claims are abrogated by the Broyles Act. D.I.18. at 20-21. The Broyles Act provides, "this subchapter shall constitute

the exclusive basis for asserting a claim for the unauthorized *commercial use* of the name, voice, signature, photograph, or likeness of an individual." Ark. Code Ann. § 4-75-1111(a) (emphasis added). If Meta's argument is taken as true and there was no commercial benefit related "to the contents of the challenged advertisements and the alleged appropriation of Plaintiff's name and likeness," D.I.18. at 19, then the Broyles Act does not apply, and Governor Huckabee must rely on his common law claims for recovery.

To recover for invasion of privacy, a plaintiff must demonstrate "(1) the false light in which he was placed by the publicity would be highly offensive to a reasonable person, and (2) that the defendant had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the plaintiff would be placed." *Dodrill*, at 845. Actual malice must be demonstrated. *Id.* This may be "knowledge of its falsity" or "reckless disregard of the truth." *Id. citing Time, Inc. v. Hill*, 385 U.S. 374, 386-91 (1967).

Meta does not dispute its advertisements placed Governor Huckabee in a false light, nor could it. *See* D.I.1., ¶ 40 ("As a result of Meta's approval and maintenance of these false advertisements, Plaintiff has now become malignly associated with the CBD industry and has been falsely portrayed as suffering from an autoimmune disease. This publicity puts Plaintiff in a false light, which would be highly offensive to a reasonable person."). Instead, Meta argues the Complaint does not allege actual malice. But it does. The Complaint alleges Meta approved and maintained the advertisements for products Governor Huckabee has never used, endorsed, or promoted, D.I.1., ¶ 38, and it also alleges Meta has hosted fraudulent advertisements for CBD products since 2021. *Id.*, ¶ 24.

Because Meta has hosted these scam ads since at least 2021, Meta certainly has "knowledge of its falsity," or at the very least, "reckless disregard of the truth." *Dodrill*, at 845, *citing Time, Inc.*, at 386-91. Moreover, Governor Huckabee has publicly denounced marijuana. D.I.1., ¶ 34, n.1. The Complaint is not conclusory but is instead well-pled and must be taken as true. Plaintiff's common law claims for invasion of privacy survive.

### C. The unjust enrichment claim is properly pled.

Governor Huckabee's claim for unjust enrichment is properly pled and Meta's arguments to the contrary wholly rely on misreading the Complaint. To find unjust enrichment, "a party must have received something of value, to which [it] is not entitled and which [it] must restore." *Campbell v. Asbury Auto., Inc.*, 381 S.W.3d 21, 36 (Ark. 2011). There must be an "operative act, intent, or situation to make the enrichment unjust and compensable." *Id.* "One who is free from fault cannot be held to be unjustly enriched merely because he or she has chosen to exercise a legal or contractual right." *Id.* "Unjust" means "unlawful" and "[n]o recovery of money received can be based upon unjust enrichment when the recipient can show a legal or equitable ground for keeping it." *Halvorson v. Trout*, 527 S.W.2d 573, 577 (Ark. 1975) (*citing Whitley v. Irwin*, 465 S.W.2d 906, 911 (Ark. 1971)).

Essentially, Meta disputes all four rules are met here. *See* D.I.18 at 23-24. First, the Complaint does allege Meta received something of value to which it is not entitled—i.e., Governor Huckabee's unauthorized name, image, and likeness rights. D.I.1., ¶¶ 8, 23, 24, 51. Second, there are operative acts to make the enrichment unjust and compensable. Meta did not randomly fall into possession of the scam. Instead, Meta solicited the scam ads, *Id.*, ¶¶ 8, 23, 24, and used its algorithm to promote the scam ads (¶¶ 8, 10) which

19

generated profits and traffic. Third, Meta is not free from fault "merely because [it] chose[] to exercise a legal or contractual right." *Campbell*, at 36. Meta may earn a profit from advertisement revenue, but it does not have a legal right to promote fraudulent ads violating Governor Huckabee's privacy through Meta's own expressive conduct. *Supra* § I.A. And fourth, Meta cannot show legal or equitable grounds for keeping the monies it obtained from the approval, maintenance, and promotion of advertisements exploiting Plaintiff's name, image, and likeness. Meta cannot, and does not, attempt to dispute this in its opening brief. Accordingly, Plaintiff pleads a claim for unjust enrichment.

### D. Plaintiff's request for declaratory and injunctive relief survive with his substantive claims.

Because Plaintiff has stated viable claims for relief, and because Section 230 immunity does not apply, his requested remedies of declaratory and injunctive relief survive. *Kabbaj v. Google Inc.*, 592 Fed.Appx. 74, n.2 (3rd Cir. 2015). Governor Huckabee's ancillary remedies of disgorgement and costs also survive.

<u>CONCLUSION</u>

Meta's motion to dismiss should be denied. At the very least, and as explained throughout, Governor Huckabee's claims meet the pleading standards of Federal Rules of Civil Procedure 8(a), (e), and 12(b).[3] Meta's arguments are improper at this stage and are more suitable for its motion for summary judgment after the close of discovery.

---

[3] Governor Huckabee's substantive claims are properly pled, and the Complaint does not allege Section 230 immunity. In response to Meta's request for dismissal with prejudice, Governor Huckabee respectfully requests it be without prejudice, if at all. Fed.R.Civ.P. 15(a)(2) ("The court should freely give leave when justice so requires.").

DATED: October 7, 2024                          Respectfully submitted,

                                                **BELLEW, LLC**

                                                /s/ *Sean J. Bellew*
                                                Sean J. Bellew, Delaware Bar No. 4072
                                                sjbellew@bellewllc.com
                                                2961 Centerville Rd., Ste. 302
                                                Wilmington, DE 19808
                                                (302) 252-4951

                                                **POYNTER LAW GROUP, PLLC**

                                                _____
                                                Scott Poynter, Ark. Bar 09077*
                                                scott@poynterlawgroup.com
                                                Daniel Holland, Ark. Bar 2019237*
                                                daniel@poynterlawgroup.com
                                                Clay Ellis, Ark. Bar 2023183*
                                                clay@poynterlawgroup.com
                                                4924 Kavanaugh Blvd.
                                                Little Rock, AR 72207
                                                (501) 812-3943

                                                *Admitted pro hac vice*

                                                *Attorneys for Plaintiff*