**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

MIKE HUCKABEE,

                     Plaintiff,

           v.

META PLATFORMS, INC,

                     Defendant.

Civil Action No. 24-773-GBW

---

Matthew D. Stachel, PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP, Wilmington, DE; Karen L. Dunn, PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP, Washington, DC; Walter F. Brown, Meredith R. Dearborn, PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP, San Francisco, CA.

       *Counsel for Plaintiff*

Sean J. Bellew, BELLEW, LLC, Wilmington, DE; Scott Poynter, Daniel Holland, Clay Ellis, POYNTER LAW GROUP, PLLC, Little Rock, AR.

       *Counsel for Defendant*

**MEMORANDUM OPINION**

November 18, 2024
Wilmington, Delaware

_____
                                    GREGORY B. WILLIAMS
                               UNITED STATES DISTRICT JUDGE

Pending before the Court is Defendant Meta Platforms, Inc.'s ("Meta") Motion to Dismiss the Complaint Under Rule 12(b)(6), which has been fully briefed (D.I. 18; D.I. 20; D.I. 23). For the following reasons, the Court GRANTS Meta's motion.

## I.     BACKGROUND

The following are factual allegations taken as true for the purpose of Meta's motion to dismiss. Meta is the parent company of Facebook. D.I. 1 ¶ 7. Facebook is one of the major social media companies in the world. D.I. 1 ¶ 8. Third parties can pay Meta to feature their advertisements in the news feeds of Facebook's users. D.I. 1 ¶¶ 8-9. Advertisers can pay a premium for priority featuring. D.I. 1 ¶ 9. Meta collects user data to train algorithms to predict what content, including advertisements, will attract and retain users. D.I. 1 ¶ 10. These algorithms determine which advertisements will feature at the top of users' news feeds. D.I. 1 ¶ 10. Plaintiff Mike Huckabee is the former Governor of Arkansas and host of a television show on Trinity Broadcasting Network ("Plaintiff," "Governor Huckabee" or the "Governor"). D.I. 1 ¶¶ 2, 12.

To promote their Cannabidiol ("CBD") products, unidentified third parties posted three advertisements (the "Asserted Advertisements") on Facebook that (1) used Governor Huckabee's name, photograph, and likeness without Governor Huckabee's authorization, (2) made false claims about Governor Huckabee, and (3) falsely attributed certain statements to him. D.I. 1 ¶¶ 13-19 (alleging that the Asserted Advertisements ran between April 9 and June 6 of 2024). Meta approved and maintained these advertisements. D.I. 1 ¶ 23. Meta has also previously approved and maintained similar advertisements regarding other individuals. D.I. ¶ 24.

2

One of the Asserted Advertisements represented that Governor Huckabee was resigning from his career at Trinity Broadcast Network to pursue the "greater purpose" of endorsing and promoting CBD gummies. D.I. 1 ¶¶ 13-14. Another Asserted Advertisement represented that Governor Huckabee suffered from an autoimmune disease and that "CBD cured" him. D.I. 1 ¶ 18. Numerous individuals purchased CBD products in light of the Asserted Advertisements. D.I. 1 ¶ 22. Governor Huckabee is now wrongly associated with the CBD industry. D.I. 1 ¶ 23.

On July 1, 2024, Governor Huckabee filed a complaint alleging (1) violation of Arkansas's Frank Broyles Publicity Protection Act ("FBPPA"), (2) invasion of privacy (appropriation), (3) invasion of privacy (false light), and (4) unjust enrichment. D.I. 1 ¶¶ 25-43, 50-52. Governor Huckabee also asserted "declaratory and injunctive relief" as a "count" and requested costs and punitive damages. D.I. 1 ¶¶ 44-49, 53. On September 5, 2024, Meta moved to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. D.I. 17. Meta contends that (1) 47 U.S.C. § 230(c)(1), i.e., Section 230 of the Communications Decency Act ("CDA"), provides Meta with complete immunity to Governor Huckabee's claims, and (2) the Governor's claims are insufficiently plead. D.I. 18 at 1-2. Governor Huckabee contests the motion.

## II.     JURISDICTION

This Court has diversity jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1332. Governor Huckabee is a citizen of Arkansas. D.I. 1 ¶ 2. Meta is a Delaware corporation with its principal place of business in California. D.I. 1 ¶ 3. The Governor contends that "the amount in controversy exceeds $75,000." D.I. 1 ¶ 4. It "must appear to a legal certainty that the claim is really for less than" $75,000 "to justify dismissal." *Dardovitch v. Haltzman*, 190 F.3d 125, 135 (3d Cir. 1999). Here, no such certainty exists and neither party contends otherwise.

## III.   LEGAL STANDARD

To state a claim on which relief can be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Such a claim must plausibly suggest "facts sufficient to 'draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Doe v. Princeton Univ.*, 30 F.4th 335, 342 (3d Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Klotz v. Celentano Stadtmauer & Walentowicz LLP*, 991 F.3d 458, 462 (3d Cir. 2021) (quoting *Iqbal*, 556 U.S. at 678). But the Court will "'disregard legal conclusions and recitals of the elements of a cause of action supported by mere conclusory statements.'" *Princeton Univ.*, 30 F.4th at 342 (quoting *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016)).

In evaluating a motion to dismiss, "'[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Pinnavaia v. Celotex Asbestos Settlement Tr.*, 271 F. Supp. 3d 705, 708 (D. Del. 2017) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997)), *aff'd*, 2018 U.S. App. LEXIS 38873 (3d Cir. Apr. 6, 2018). Rule 12(b)(6) requires the Court to "accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff." *Brady v. Media*, No. 23-cv-1078-GBW, 2024 U.S. Dist. LEXIS 160991, at *4 (D. Del. Sep. 6, 2024). "A motion to dismiss 'may be granted only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief.'" *McCrone v. Acme Markets*, 561 F. App'x 169, 172 (3d Cir. 2014) (quoting *Burlington Coat Factory*, 114 F.3d at 1420). The "movant bears the burden of demonstrating that the complainant failed to state

a claim upon which relief may be granted." *Abbott Diabetes Care, Inc. v. DexCom, Inc.*, No. 23-cv-239-KAJ, 2024 U.S. Dist. LEXIS 96985, at *4 (D. Del. May 31, 2024).

Importantly, "a complaint does not fail to state a claim simply because it omits facts that would defeat" an affirmative defense. *Schmidt v. Skolas*, 770 F.3d 241, 248 (3d Cir. 2014). Notwithstanding, "[t]his principle does not categorically preclude courts from considering the application of an affirmative defense at the pleading stage." *Ocimum Biosolutions India Ltd. v. LG Chem. Ltd.*, 19-cv-2227-MN, 2022 U.S. Dist. LEXIS 147184, at *12 (D. Del. July 31, 2022) (citation omitted). "Indeed, courts may grant a Rule 12(b)(6) motion in light of an affirmative defense, but only where the affirmative defense clearly appears on the face of the pleading." *Id.* (citing *Frasier-Kane v. City of Phila.*, 517 F. App'x 104, 105 n.1 (3d Cir. 2013)).

## IV.   DISCUSSION

As a matter of law, (1) Section 230 of the CDA does not provide Meta with immunity to Governor Huckabee's claims, and (2) Governor Huckabee fails to state any claim upon which relief can be granted.

### A.   Section 230 Does Not Provide Meta With Immunity As A Matter Of Law

Section 230 provides: "No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). Section 230 also provides: "No cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." 47 U.S.C. § 230(E)(3). When satisfied, these provisions operate in tandem to confer immunity.

The three elements for Section 230 immunity are: "(1) the defendant must be a provider or user of an interactive computer service; (2) the asserted claims must treat the defendant as a publisher or speaker of information; and (3) the challenged communication must be information provided by another information content provider." *Metroka v. Pa. State L. Enf't*, No. 23-2004,

5

2024 U.S. App. LEXIS 23188, at *8 (3d Cir. Sep. 12, 2024) (cleaned up).  Meta bears the burden

of establishing these elements. *See Calise v. Meta Platforms, Inc.*, 103 F.4th 732, 738 n.1 (9th Cir.

2024).  While Meta establishes the first and second elements, it fails to establish the third.

The *first* element is established because Meta is "a provider" of "an interactive computer

service." *Metroka*, 2024 U.S. App. LEXIS 23188, at *8.  An "interactive computer service" is

"any information service, system, or access software provider that provides or enables computer

access by multiple users to a computer server, including specifically a service or system that

provides access to the Internet and such systems operated or services offered by libraries or

educational institutions." 47 U.S.C. § 230(f)(2).  Facebook satisfies this definition. *See* D.I 1 ¶¶

7-9 (alleging that Facebook is a "social media platform[]" that allows "advertisers to target their

advertisements" on the platform); *see also, Brennerman v. Guardian News & Media Ltd.*, 2016

WL 1271461, at *1 (D. Del. Mar. 30, 2016) (explaining that courts have "consistently" determined

that websites are interactive computer services); *Fed. Agency of News LLC v. Facebook, Inc.*, 432

F. Supp. 3d 1107, 1117 (N.D. Cal. 2020) ("Facebook is unquestionably an interactive computer

service.").

The *second* element is established because Governor Huckabee's claims "treat [Meta] as a

publisher or speaker of" the Asserted Advertisements.  *See Metroka*, 2024 U.S. App. LEXIS

23188, at *8; *see also Anderson v. TikTok, Inc.*, 116 F.4th 180, 186, 192 (3d Cir. 2024) (holding

that such treatment may occur when, like here, the claims allege the defendant's "hosting" of

content "uploaded by third parties").

The *third* element, which is not established, requires that "the challenged communication

must be information provided by another information content provider." *Metroka*, 2024 U.S. App.

LEXIS 23188, at *8.  Section 230 defines "information content provider" as "any person or entity

6

that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service." 47 U.S.C. § 230(f)(3). Here, third parties created or developed the Asserted Advertisements. D.I. 1 ¶¶ 7-24 (alleging that third party advertisers may "target *their* advertisements as broadly or narrowly as they wish" and that the alleged "advertisements were appearing on Facebook" (emphasis added)); D.I. 20 at 2, 7 (confirming that the Asserted Advertisements are "third-party submission[s]"). Therefore, these third parties are information content providers.

However, Meta is also an "information content provider." In *Anderson v. TikTok, Inc.*, the Third Circuit explained that TikTok's for-you-page ("FYP") "algorithm decides on the third-party speech that will be included in or excluded from a compilation—and then organizes and presents the included items on users' FYP." 116 F.4th 180, 184 (3d Cir. 2024) (cleaned up). The Third Circuit held that the decisions made by TikTok's algorithm with regard to the content at issue were "TikTok's own expressive activit[ies], and thus its first-party speech." *Id.* (cleaned up). Such speech rendered TikTok an "information content provider" and thus Section 230 did "not bar [the plaintiff's] claims." *Id.*

Here, Governor Huckabee similarly alleges that "Meta collects user data to train machine-learning algorithms to predict what content will keep and attract users" and "decides which posts appear at the top of users' newsfeed to maximize exposure to certain posts, including advertisements." D.I. 1 ¶ 10. These decisions are Meta's, as they were TikTok's, "own expressive activit[ies]" and "first-party speech." *See Anderson*, 116 F.4th at 183. Such speech therefore renders Meta an "information content provider" and not immune to the Governor's claims.

Meta's contentions to the contrary are unavailing. *First*, Meta contends that Governor Huckabee "nowhere alleges that Meta was involved in the creation or development of any

offending content," i.e., that Meta is an information content provider. D.I. 18 at 9; *see* D.I. 23 at 2 (similar). As explained above, however, Governor Huckabee sufficiently alleged, for the purpose of surviving a motion to dismiss, that Meta is an information content provider.

*Second*, Meta similarly contends that Governor Huckabee only alleges that "Meta approved, maintained, and hosted the challenged advertisements." D.I. 18 at 10 (quotations omitted). However, the Governor alleged more, including the algorithmic activity discussed above. *Third*, Meta contends that Governor Huckabee did not allege "that Meta coordinated with the third-party advertisers, participated in the alleged doctoring of images, or drafted any of the advertisements' content." D.I. 18 at 10. However, while such activity may be *sufficient* to render Meta an information content provider, such activity is not *necessary* to render Meta an information content provider.

*Fourth*, Meta asserts that Governor Huckabee alleges that "Meta allows its advertisers to target their advertisements as broadly or narrowly as they wish." D.I. 23 at 2 (quoting D.I. 1 ¶ 9). However, such targeting only mitigates, and does not eliminate, the relative extent to which Meta is an information content provider. In other words, Meta remains responsible "in part" and immunity cannot apply here, at least at the motion to dismiss stage. *See* 47 U.S.C. § 230(f)(3) ("The term 'information content provider' means any person or entity that is responsible, in whole *or in part*, for the creation or development of information . . . ." (emphasis added)).

*Fifth*, Meta contends that Governor Huckabee failed to allege that Meta "materially" contributed to the expressive activity. D.I. 23 at 3 n.1. This Court has previously held that interactive computer services "qualify for Section 230 immunity so long as they do not contribute materially." *Moretti v. Hertz Corp.*, No. 14-cv-469-LPS, 2017 U.S. Dist. LEXIS 38581, at *5 (D. Del. Mar. 17, 2017) (cleaned up). However, Governor Huckabee was not required to anticipate

the affirmative defense of Section 230 immunity and, in any event, materiality cannot be determined at this stage. *Id.* at \*10 ("Here, however, . . . there is . . . a factual dispute as to the nature and degree of Hotwire's involvement in the allegedly misleading statement. Under the circumstances here, the Court cannot treat the Complaint's silence as to whether Hotwire materially contributed to the false statement as an affirmative allegation that Hotwire did ***not*** do so. Given that Plaintiff is not required to anticipate and plead around an affirmative defense such as Section 230, it follows that Hotwire has failed to show that the Court should grant its motion for judgment on the pleadings." (citation omitted)).  Meta's citations to out-of-circuit decisions predating *Anderson* are not informative. *See* D.I. 23 at 3 n.1.

Since Section 230 does not bar Governor Huckabee's claims, the Court does not consider the applicability of any exceptions to immunity. *See* D.I. 20 at 11-15 (asserting various "exceptions").

**B.      Governor Huckabee's Claims Fail As A Matter Of Law**

**1.      Governor Huckabee's FBPPA Claim Fails as a Matter of Law**

The FBPPA provides that "a person who commercially uses the name, voice, signature, photograph, or likeness of an individual is liable to the holder of the property right provided by this subchapter for damages and disgorgement of profits, funds, goods, or services if the commercial use was not authorized under § 4-75-1104(c)." Ark. C. § 4-75-1108.  The FBPPA also provides: "It is not a violation of this subchapter if the name, voice, signature, photograph, or likeness of an individual is used . . . [b]y a service provider of a system or network if the service provider: (i) Does not have actual knowledge that a photograph or likeness on the system or network is in violation of this subchapter; or (ii) In the absence of such actual knowledge, is not aware of facts or circumstances from which a violation of this subchapter is apparent." Ark. C. § 4-75-1110(a)(1)(F).  In other words, the FBPPA imposes a scienter requirement.

9

Here, Governor Huckabee fails to allege that Meta had the requisite scienter. Governor

Huckabee alleges that "Meta approved and maintained these advertisements with actual malice or,

at least, with reckless disregard to their truthfulness or accuracy." D.I. 1 ¶ 34. However, the Court

will disregard this recital of scienter, which is itself a legal conclusion, because it is a "mere

conclusory statement[]." *Princeton Univ.*, 30 F.4th at 342. Indeed, this allegation fails to allege

"facts sufficient to draw the reasonable inference that" Meta had scienter. *See Doe*, 30 F.4th at

342.

Governor Huckabee alleges that the following allegations from the Complaint are sufficient

to survive Meta's motion to dismiss: "Meta sells advertisements, Meta uses its algorithm to

popularize those advertisements, Plaintiff is a nationally recognized celebrity, Meta hosted a fake

'FoxNews.com' link, Meta approved these scams, and Meta has been approving these scams for

other celebrities since at least 2021." D.I. 15 at 20 (citations omitted). However, none of these

allegations allow the Court to draw the reasonable inference that Meta had the requisite scienter,

i.e., actual knowledge or awareness of facts or circumstances that could give rise to actual

knowledge.

Absent scienter, Governor Huckabee fails to sufficiently plead his FBPPA claim. The

Court will not address the parties' remaining and now-mooted contentions. *See, e.g.*, D.I. 18 at 14

(contending that Governor Huckabee failed to sufficiently allege commercial use).

## 2. Governor Huckabee's Claim for Invasion of Privacy (Appropriation) Fails as a Matter of Law

Before the Arkansas legislature abrogated the common law claim for invasion of privacy

(appropriation), the claim could arise, for example, when an individual "misappropriat[ed] the

plaintiff's name or likeness for the defendant's commercial benefit." *Steinbuch v. Cutler*, 518 F.3d

580, 590 (8th Cir. 2008). The FBPPA provides, nevertheless, that the "[r]emedies granted by this

subchapter shall constitute the exclusive basis for asserting a claim for the unauthorized commercial use of the name, voice, signature, photograph, or likeness of an individual." Ark. C. § 4-75-1111(a).  Governor Huckabee does not deny abrogation.  Instead, the Governor contends that "if there was no commercial benefit" then "Governor Huckabee must rely on his common law claims for recovery." D.I. 20 at 18.  However, the failure to allege a claim that abrogates a second claim does not enable a party to rely on the second claim.  Thus, Governor Huckabee's claim for invasion of privacy (appropriation) fails as a matter of law.

3.     **Governor Huckabee's Claim for Invasion of Privacy (False Light) Fails as a Matter of Law**

The elements for invasion of privacy (false light) are "(1) the false light in which he was placed by the publicity would be highly offensive to a reasonable person, and (2) that the defendant had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the plaintiff would be placed." *Dodrill v. Ark. Democrat Co.*, 590 S.W.2d 840, 845 (Ark. 1979).  A "showing of more than mere negligence is required, and, in fact, actual malice must be demonstrated by presenting sufficient evidence to permit the conclusion that the defendant entertained serious doubts as to the truth of his publication." *Id.* at 841.  The Western District of Arkansas has held that, under Arkansas law, the failure to conduct "proper due diligence" on the truthfulness of a story does not constitute malice.  *Yeager v. KUAF 91.3 NPR Pub. Radio*, No. 20-cv-05054, 2020 WL 2449348, at *5 (W.D. Ark. May 12, 2020), *aff'd*, No. 20-2198, 2021 WL 2492775 (8th Cir. Jan. 13, 2021) (non-precedential).

Here, Governor Huckabee fails to allege that Meta acted with malice.  The allegation that "Meta approved and maintained these advertisements with actual malice or, at least, with reckless disregard to their truthfulness or accuracy" (D.I. 1 ¶ 34) is a mere "conclusory allegation[.]" *See*

*Yeager*, 2020 WL 2449348, at \*5. The following contentions similarly fail to allow the Court to

draw the *reasonable* inference that Meta acted with malice:

> The Complaint alleges Meta approved and maintained the advertisements for
> products Governor Huckabee has never used, endorsed, or promoted, and it also
> alleges Meta has hosted fraudulent advertisements for CBD products since 2021.
> Because Meta has hosted these scam ads since at least 2021, Meta certainly has
> "knowledge of its falsity," or at the very least, "reckless disregard of the truth."
> Moreover, Governor Huckabee has publicly denounced marijuana.

D.I. 20 at 18-19 (citations omitted).

For example, it is not reasonable to infer that Meta entertained serious doubts about the

truth of the Asserted Advertisements because Meta approved and maintained them. Otherwise,

Meta would entertain serious doubts about the truth of every advertisement published. In addition,

it is not reasonable to infer that Meta entertained serious doubts about the Asserted Advertisements

since Governor Huckabee has publicly denounced marijuana. There is no allegation that Meta was

required to conduct "due diligence" on the truth of the Asserted Advertisements. Even if there

was, such requirement would be insufficient to infer malice. *Yeager*, 2020 WL 2449348, at \*5.

Thus, for all these reasons, Governor Huckabee's claim for invasion of privacy (false light) fails

as a matter of law.

### 4.    Governor Huckabee's Claim for Unjust Enrichment Fails as a Matter of Law

Under Arkansas law, "[t]o find unjust enrichment, a party must have received something

of value, to which he or she is not entitled and which he or she must restore." *Air Evac EMS, Inc.*

*v. USAble Mut. Ins. Co.*, 931 F.3d 647, 655 (8th Cir. 2019) (citing *Campbell v. Asbury Auto., Inc.*,

381 S.W.3d 21, 36 (Ark. 2011)). However, "[t]here must be some operative act, intent, or situation

to make the enrichment unjust and compensable." *Id.* "One is not unjustly enriched by receipt of

that to which he is legally entitled." *Colonia Ins. Co. v. City Nat'l Bank*, 988 F. Supp. 1242, 1254

(W.D. Ark. 1997). "No recovery of money received can be based upon unjust enrichment when

the recipient can show a legal or equitable ground for keeping it." *Id.* Further, "[o]ne who is free from fault cannot be held to be unjustly enriched merely because he or she has chosen to exercise a legal or contractual right." *Air Evac EMS*, 931 F.3d at 655.

Here, Governor Huckabee has failed to make any allegations that allow the reasonable inference that Meta had any "fault." *Air Evac EMS*, 931 F.3d at 655. While the Court above held that Meta's use of its algorithm to determine which advertisements to feature rendered Meta an information content provider, such use does not establish culpability. *See Sparks Reg'l Med. Ctr. v. Blatt*, 935 S.W.2d 304, 308 (1996) (holding, in a case where the plaintiff (like this case) had no reasonable expectation of payment from the defendant, the defendant could not "be considered at fault" where the defendant did not intervene). Since Meta is "free from fault," Meta "cannot be held to be unjustly enriched" merely because it chose "to exercise a legal or contractual right," i.e., the right to collect remuneration for hosting the Asserted Advertisements. *See id.* Thus, the Governor fails to allege a claim for unjust enrichment as a matter of law.

Each of Governor Huckabee's four contentions to the contrary is unavailing. *First*, the Governor contends that Meta received something of value, i.e., "Governor Huckabee's unauthorized name, image, and likeness rights." D.I. 20 at 19. The Court is not persuaded that the Governor alleged that Meta "received" the Asserted Advertisements. For example, the Governor does not allege that Facebook acquired some property interest in the Asserted Advertisements. Also, Meta was not unjustly enriched, as described in the previous paragraph of this Memorandum Opinion. *Second*, Governor Huckabee contends that Meta engaged in "operative acts" by using "its algorithm to promote the scam ads." D.I. 20 at 19. As described above, however, Meta's use of its algorithm does not render Meta's purported enrichment "unjust."

13

While the Governor contends that Meta "solicited the scam ads" (D.I. 20 at 9), the Complaint does not set forth that allegation (D.I. 1).

*Third*, Governor Huckabee contends that "Meta is not free from fault 'merely because [it] chose[] to exercise a legal or contractual right.'" D.I. 20 at 20. The Court agrees. However, Meta is free from fault because none of the allegations in the Complaint allow the Court to draw the reasonable inference that Meta engaged in any culpable act. For example, that Meta hosted the Asserted Advertisements does not allow the Court to draw the *reasonable* inference that Meta had fault. *Fourth*, Governor Huckabee contends that "Meta cannot show legal or equitable grounds for keeping the monies it obtained from the approval, maintenance, and promotion of advertisements exploiting Plaintiff's name, image, and likeness." D.I. 20 at 20. As described above, however, Meta has made such a showing.

5.      **Governor Huckabee's "Claim" for Declaratory and Injunctive Relief Fails as a Matter of Law**

"[D]eclaratory and injunctive relief are remedies rather than causes of action." *Kabbaj v. Google Inc.*, 230. 592 F. App'x 74, 74 n.2 (3d Cir. 2015); *see Whitfield v. Am. Fed'n of Gov't Emps.*, 2020 WL 1310547, at *9 (E.D. Ark. Mar. 18, 2020) ("An injunction is a remedy, not a separate cause of action. Because all of plaintiffs' substantive claims under federal law fail, plaintiffs' requests for injunctive relief based on those federal claims must be denied." (citation omitted)). Therefore, the Governor's request for declaratory and injunctive relief fails alongside his claims under Arkansas law. The Court also declines the Governor's request (D.I. 1 ¶ 49) for costs.

## V.     CONCLUSION

For all of the foregoing reasons, the Court **GRANTS** Meta's Motion to Dismiss with prejudice.[1]

---

[1] Governor Huckabee requests that any dismissal be without prejudice.  D.I. 20 at 3-4, 20 n.3. However, this Court has discretion to dismiss with prejudice where, like here, the Court does "not have any reason to believe that amendment would cure the identified defects" and when the requesting party "never submitted a draft amended complaint." *LabMD Inc. v. Boback*, 47 F.4th 164, 192-93 (3d Cir. 2022); *see also Fletcher-Harlee Corp. v. Pote Concrete Contr., Inc.*, 482 F.3d 247, 252 (3d Cir. 2007) ("[F]ailure to submit a draft amended complaint is fatal to a request for leave to amend.").