# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

**MIKE HUCKABEE**

    Plaintiff

v.

    Civil Action No. 24-cv-773-GBW

**META PLATFORMS, INC.**

    Defendant

---

## PLAINTIFF'S MOTION TO ALTER OR AMEND
## JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 59(e)

**BELLEW, LLC**

Sean J. Bellew, Delaware Bar No. 4072
sjbellew@bellewllc.com
2961 Centerville Rd., Ste. 302
Wilmington, DE 19808
(302) 252-4951

**POYNTER LAW GROUP, PLLC**

Scott Poynter, Ark. Bar 90077*
scott@poynterlawgroup.com
Daniel Holland, Ark. Bar 2019237*
daniel@poynterlawgroup.com
Clay Ellis, Ark. Bar 2023183*
clay@poynterlawgroup.com
4924 Kavanaugh Blvd.
Little Rock, AR 72207
(501) 812-3943

*Admitted pro hac vice*

*Attorneys for Plaintiff*

DATED: December 16, 2024

## <u>TABLE OF CONTENTS</u>

**NATURE AND STAGE OF PROCEEDINGS** ........................................................ 1

**MEMORANDUM OF LAW** .................................................................................. 1

    A. The Amended Complaint Plausibly Pleads Its Causes of Action ..................... 2

        *1. Frank Broyles Publicity Protection Act* ...................................................... 2

        *2. Invasion of Privacy – False Light* ............................................................... 4

        *3. Defamation* .................................................................................................. 5

        *4. Negligence* ................................................................................................... 6

        *5. Unjust Enrichment* ...................................................................................... 6

    B. There Has Not Been Undue Delay or Bad Faith ................................................. 7

    C. Meta Is Not Prejudiced By The Amended Complaint ......................................... 8

**CONCLUSION** ..................................................................................................... 8

## TABLE OF CITATIONS

**Cases**

*Adams v. Gould Inc.*, 739 F.2d 858 (3d Cir. 1984)...............................................................1, 7, 8

*Alvin v. Suzuki*, 227 F.3d 107 (3d Cir. 2000) ...........................................................................2

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ......................................................................2

*Dodrill v. Arkansas Democrat Co.*, 590 S.W.2d 840 (Ark. 1979) .................................................4

*Doe v. Princeton Univ.*, 30 F.4th 335 (3d Cir. 2022) ..................................................................2

*Erickson v. Pardus*, 551 U.S. 89 (2007) ...................................................................................2

*Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247 (3d Cir. 2007) .........1, 7

*Foman v. Davis*, 371 U.S. 178 (1962) .......................................................................................8

*Forrest v. Meta Platforms, Inc.*, No. 22-cv-03699-PCP, --- F.Supp.3d ----, 2024 WL 3024642
    (N.D.Cal. June 17, 2024) ....................................................................................................6, 8

*Fuller v. Russell*, 842 S.W.2d 12 (Ark. 1992) ...........................................................................4

*Klotz v. Celentano Stadtmauer and Walentowicz LLP*, 991 F.3d 458 (3d Cir. 2021)..................1

*Lookabaugh v. Hanna Oil and Gas Co.*, 442 S.W.3d 1 (Ark. Ct. App. 2014) ............................6

*Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008) ...................................................2

*Pro-Comp Mgmt., Inc. v. R.K. Enterprises, LLC*, 237 S.W.3d 20 (Ark. 2006) ..........................6

*Thomson Newspaper Pub., Inc. v. Coody*, 896 S.W.2d 897 (Ark. 1995).................................4, 5

*Trickett v. Spann*, 613 S.W.3d 773 (Ark. Ct. App. 2020) ..........................................................6

**Statutes**

Ark. Code Ann. § 4-75-1108..................................................................................................2

Ark. Code Ann. § 4-75-1110..................................................................................................3

**Other Authorities**

Uche Ewelukwa Ofodile, *The Frank Broyles Publicity Rights Protection Act of 2016:
    Potential Minefields*, 52-SPG ARK. LAW. 36, 2 (Spring, 2017)..............................................3

## <u>Rules</u>

Fed. R. Civ. P. 15(a) .................................................................................................................... 1

## NATURE AND STAGE OF PROCEEDINGS

Pursuant to Federal Rule of Civil Procedure 59(e), Plaintiff Mike Huckabee ("Plaintiff," "Huckabee" or "Governor"), through his attorneys, respectfully moves to alter or amend the judgment entered on November 18, 2024, and formally requests leave to amend his complaint. In support, Plaintiff submits this incorporated Memorandum of Law and Exhibit 1 to this motion, which is a red-lined amended complaint pursuant to Local Rule 15.1.

## MEMORANDUM OF LAW

With this motion for reconsideration, Plaintiff Mike Huckabee seeks to have the Court reopen the judgment and allow an amended complaint to be filed. By seeking alteration of the judgment, Plaintiff hopes to avoid the burden, time, and expense upon all parties with an unnecessary appeal.

Under Third Circuit precedent, leave to amend within twenty-eight days should "be freely given when justice so requires." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 253 (3d Cir. 2007) (citing Fed. R. Civ. P. 15(a)); *see also Adams v. Gould Inc.*, 739 F.2d 858, 867-68 (3d Cir. 1984) ("[U]nder the liberal pleading philosophy of the federal rules as incorporated in Rule 15(a), an amendment should be allowed whenever there has not been [1] undue delay, [2] bad faith on the part of the plaintiff, or [3] prejudice to the defendant as a result of the delay."). Courts also analyze "whether the amendment would be futile." *Klotz v. Celentano Stadtmauer and Walentowicz LLP*, 991 F.3d 458, 462 (3d Cir. 2021). Huckabee's proposed amendment is both timely and viable, Meta

will suffer no prejudice, and justice so requires the judgment be reopened to allow for the filing of the amended complaint.

### A. The Amended Complaint Plausibly Pleads Its Causes of Action

A proposed amendment to a complaint may be denied as futile if the amended complaint fails to state a claim under Rule 12(b)(6). *See Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). But under this standard, facts pled in the complaint are presumed true and viewed in the light most favorable to Plaintiff, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008), and futile only if "there is *no* set of facts which plaintiffs could prove that would entitle them to recover under this theory." *Adams*, at 865 (emphasis added). Plaintiff's amended complaint passes this test.

In his amended complaint, Huckabee alleges theories of (I) violations of the Frank Broyles Publicity Protection Act (FBPPA), (II) invasion of privacy – false light, (III) defamation, (IV) negligence, and (V) unjust enrichment. Huckabee's amended complaint avoids legal conclusions and "'plausibly suggest[s]' facts sufficient to 'draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Doe v. Princeton Univ.*, 30 F.4th 335, 342 (3d Cir. 2022) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

### 1. Frank Broyles Publicity Protection Act

The FBPPA has three elements: (1) ownership of a valid and protectable right, (2) commercial use by the defendant of plaintiff's name, voice, signature, photograph, and/or likeness, and (3) without plaintiff's consent. Ark. Code Ann. § 4-75-1108. At all times relevant, Huckabee owned, and continues to own, the protectable right of his name,

photograph, image, and likeness. Defendant Meta also commercially used Huckabee's protectable rights. As pled in the amended complaint, (and recognized by the Court in its Memorandum Opinion, D.I.24), the scam ads were Meta's own first-party speech and Meta was responsible for the violative ads. The Governor did not authorize Meta to infringe upon his name, image, and likeness rights. Thus, all three elements of the FBPPA are pled in the amended complaint. *See also* Uche Ewelukwa Ofodile, *The Frank Broyles Publicity Rights Protection Act of 2016: Potential Minefields*, 52-SPG ARK. LAW. 36, 2 (Spring, 2017) (showcasing the elements of a right of publicity claim).

Further, because Meta is "a service provider of a system or network," Ark. Code Ann. § 4-75-1110(a)(1)(F), intent is an additional element of a right of publicity claim in Arkansas. D.I.24 at 9. Meta is liable if it "[has] actual knowledge that a photograph or likeness on the system or network is in violation," or, "[i]n the absence of such actual knowledge, is [] aware of facts or circumstances from which a violation . . . is apparent." Ark. Code Ann. § 4-75-1110(a)(1)(F). The amended complaint plausibly pleads such scienter.

For instance, Meta "review[s] each advertisement for accuracy, and whether the ad is consistent with its policies, terms, and conditions;" (Exhibit 1, ¶ 38.C.), Meta "developed and implemented both automated and manual review systems to determine whether an ad violates its own policy standards before Meta allows the ad to go live;" (*Id.*, ¶ 38.D.), Meta reviewed the scam ads at issue for "privacy violations, for accuracy, and for authenticity;" (¶ 38.E.), and on top of four years' worth of fraudulent ads violating celebrity publicity rights, Meta still knowingly—or at least recklessly—"reviewed and

approved" the present scam ads violating Huckabee's protected rights, because he never provided Meta his permission to publish the ads. (¶ 38.H.). Clearly, the proposed amended complaint plausibly pleads a FBPPA violation through Meta's unlawful first-party appropriation of Huckabee's name, image, and likeness. The proposed amendment alleges Meta *did* have actual knowledge of the violation because it reviewed the ads and published them without the Governor's permission, or at the very least, Meta was *aware* of facts or circumstances from which a violation was apparent because of its years' worth of publishing similar CBD ads impersonating celebrities.

### 2. Invasion of Privacy – False Light

The tort of false light has two essential elements: (1) that the false light in which the complaining party was placed by the publicity would be highly offensive to a reasonable person, and (2) that the defendant knew, or acted in reckless disregard of, the falsity of the publicized matter and the false light in which the plaintiff would be placed. *Dodrill v. Arkansas Democrat Co.*, 590 S.W.2d 840, 844-45 (Ark. 1979). Actual malice must be demonstrated. *Id.* "Actual malice" means there "must be sufficient evidence to *permit the conclusion* that the defendant in fact entertained serious doubts as to the truth of his publication." *Thomson Newspaper Pub., Inc. v. Coody*, 896 S.W.2d 897, 901-02 (Ark. 1995) (internal citations omitted) (emphasis added). "In other words, the defendant must have an 'awareness of the *probable falsity* of the statements.'" *Id.* (citing *Fuller v. Russell*, 842 S.W.2d 12, 15 (Ark. 1992) (emphasis added)).

Obviously, Meta's ads placed Huckabee in a false light. The ads falsely claimed Huckabee was leaving his show, had health disorders, used and endorsed marijuana

derivative products, became the CEO of a CBD company, and that CBD saved his life. (Exhibit 1, ¶ 46). All false. A reasonable person would find such false advertisements highly offensive, which Huckabee did.

Regarding malice, there is no other conclusion to draw but that Meta entertained serious doubts as to the truth of its publication. What occurred here was not merely a run-of-the-mill publication failing to conduct proper due diligence. Instead, what occurred here was Meta, through its own first-party conduct, perpetuating false and defamatory statements about Huckabee. Meta sustained this false light after four years' worth of doing the same, to the chagrin, of other celebrities and public figures. (Exhibit 1, ¶ 38). Meta also reviewed and approved the scam ads at issue. (*Id.*, ¶ 38.H.). Clearly, the proposed complaint "permit[s] the conclusion" that Meta entertained serious doubts as to the truth of its publication. *Coody*, at 901-02. And considering the years' worth of similar false ads and complaints to Meta, the Defendant had "awareness of the probable falsity of the statements." *Id.* (citing *Fuller*, at 15).

### 3. Defamation

Because Huckabee is a public figure, the additional element of actual malice is added to a claim for defamation. *Coody*, at 901. Therefore, Plaintiff's claims for false light and defamation work hand in hand. For the same reasons the ads placed Huckabee in a false light, Meta's statements were defamatory. And as explained above, Meta acted with actual malice. Plaintiff's defamation claim is viable.

### 4. Negligence

Huckabee's claim for negligence survives Rule 12(b)(6). As pled in the proposed amended complaint, Meta owed a duty to Plaintiff to operate its advertising business in a commercially reasonable manner. Meta breached this duty by violating its own standards and failing to warn Huckabee of the CBD ads that featured his name, image, and likeness, and failing to ask for his permission to publish the ad. The judgment should be reopened to allow Plaintiff to amend his complaint and to add the claim of negligence. *See Forrest v. Meta Platforms, Inc.*, No. 22-cv-03699-PCP, --- F.Supp.3d ----, 2024 WL 3024642, *7 (N.D.Cal. June 17, 2024).

### 5. Unjust Enrichment

Unjust enrichment "is the principle that one person should not be permitted unjustly to enrich himself at the expense of another. *Pro-Comp Mgmt., Inc. v. R.K. Enterprises, LLC*, 237 S.W.3d 20, 24 (Ark. 2006) (internal citations omitted). Significantly, a "tortious or fraudulent act is not required to create a basis for an unjust-enrichment claim." *Trickett v. Spann*, 613 S.W.3d 773, 779 (Ark. Ct. App. 2020). Moreover, the focus is on the defendant's gain, rather than the plaintiff's loss, *Lookabaugh v. Hanna Oil and Gas Co.*, 442 S.W.3d 1, 6 (Ark. Ct. App. 2014), which means "even an innocent defendant is subject to an unjust-enrichment claim brought by a more deserving party." *Trickett*, at 779.

Therefore, even if Huckabee had no reasonable expectation of payment from Meta, he is still the more deserving party because Meta commercially profited off perpetuating defamatory and false light statements about him. These scam ads were Meta's own first-

party conduct which also infringed upon Huckabee's name, image, and likeness rights. Meta should be held liable for its conduct, should disgorge its profits to Huckabee, and the judgment should be reopened so that justice may be done.

**B. There Has Not Been Undue Delay or Bad Faith**

The issues of undue delay and bad faith "requires that we focus on the plaintiffs' motives for not amending their complaint to assert this claim earlier." *Adams*, at 868. Here, Huckabee has participated in neither undue delay nor bad faith.

Plaintiff is moving to amend his complaint within twenty-eight days of judgment. Amendments within this period are "freely given." *Fletcher-Harlee Corp.*, at 253. Huckabee did not commit undue delay by not amending sooner. *See Adams*, at 869 ("Since amendment of a complaint is not unusual at the summary judgment stage of the case . . . we would not characterize plaintiffs' failure to amend their complaint earlier as 'undue delay.'") (internal citations omitted). During this case's motion to dismiss stage, Plaintiff believed (and still believes) in his claims. Without an opinion by the Court, Plaintiff would not have known which portion of his complaint was deficient. In fact, if Plaintiff had amended earlier, he probably would have bolstered his anti-immunity allegations — which he ended up winning— and his amendment would have been for naught. Also, an earlier, perhaps futile, amendment would have resulted in unnecessary litigation expenses for all parties. Likewise, for these reasons, Plaintiff has not acted in bad faith.

Now, with his amended complaint, and with clear guidance from the Court, Plaintiff has bolstered his factual allegations regarding his substantive claims. It is legally proper to allow Plaintiff the opportunity to amend to allege the additional facts requested

7

by the Court and to allege additional legal claims that other courts facing similar allegations have allowed to succeed past the Rule 12 stage. *See generally Forrest v. Meta Platforms, Inc.*, 2024 WL 3024642; *see also Foman v. Davis*, 371 U.S. 178, 181-82 (1962) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."). Moreover, Plaintiff has adequately addressed the questions of the Court in ruling on the Defendant's original 12(b)(6) motion.

### C. Meta Is Not Prejudiced By The Amended Complaint

The "issue of prejudice requires that we focus on the effect on the defendants." *Adams*, at 868. Here, Meta cannot demonstrate either substantial or undue prejudice disallowing Plaintiff from amending his complaint at this stage. Defendant is not faced with an untimely amendment, is not faced with extensive discovery, and is not burdened by Huckabee's alternative causes of action. *See Adams*, at 868-69 (discussing forms of prejudice and holding new legal theories may be alleged at this point in the litigation).

### CONCLUSION

Huckabee's motion to alter or amend judgment should be granted. Plaintiff's amended complaint satisfies the pleading standards of Rule 8(a), (e), and 12(b), and the Governor has not engaged in undue delay or bad faith, and Meta suffers no prejudice in granting this motion.

DATED: December 16, 2024                Respectfully submitted,

8

**BELLEW, LLC**

/s/ *Sean J. Bellew*
Sean J. Bellew, Delaware Bar No. 4072
sjbellew@bellewllc.com
2961 Centerville Rd., Ste. 302
Wilmington, DE 19808
(302) 252-4951

**POYNTER LAW GROUP, PLLC**

Scott Poynter, Ark Bar 09077*
scott@poynterlawgroup.com
Daniel Holland, Ark Bar 2019237*
daniel@poynterlawgroup.com
Clay Ellis, Ark. Bar 2023183*
clay@poynterlawgroup.com
4924 Kavanaugh Blvd.
Little Rock, AR 72207
(501) 812-3943

*Admitted pro hac vice*

*Attorneys for Plaintiff*

9