## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| **MIKE HUCKABEE** | |
| Plaintiff | |
| v. | Civil Action No. 24-cv-773-GBW |
| **META PLATFORMS, INC.** | |
| Defendant | |

## MIKE HUCKABEE'S REPLY IN SUPPORT OF MOTION TO ALTER OR AMEND JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 59(e)

**BELLEW, LLC**

Sean J. Bellew, Delaware Bar No. 4072
sjbellew@bellewllc.com
2961 Centerville Rd., Ste. 302
Wilmington, DE 19808
(302) 252-4951

**POYNTER LAW GROUP, PLLC**

Scott Poynter, Ark. Bar 90077*
scott@poynterlawgroup.com
Daniel Holland, Ark. Bar 2019237*
daniel@poynterlawgroup.com
Clay Ellis, Ark. Bar 2023183*
clay@poynterlawgroup.com
4924 Kavanaugh Blvd.
Little Rock, AR 72207
(501) 812-3943

*Admitted pro hac vice*

*Attorneys for Plaintiff*

DATED: January 21, 2025

## TABLE OF CONTENTS

MEMORANDUM OF LAW ................................................................................................ 1

   I. PLAINTIFF TIMELY MOVED TO ALTER OR AMEND JUDGMENT ....................................... 1

   II. PLAINTIFF'S PROPOSED AMENDED COMPLAINT IS PLED PROPERLY. ........................... 3

      A. Meta improperly raises its Section 230 affirmative defense again. ........................ 3

      B.  Plaintiff properly pled his Frank Broyles Publicity Protection Act claim. .......... 4

      C. Invasion of Privacy – False Light is properly pled. ............................................. 6

      D. Defamation is properly pled. ............................................................................... 6

      E. Negligence is properly pled. ................................................................................ 7

      F. Unjust enrichment is properly pled. ..................................................................... 8

   III. META SUFFERS NO PREJUDICE WITH THE AMENDMENT'S FILING. ............................. 9

   CONCLUSION ............................................................................................................... 9

## TABLE OF CITATIONS

### Cases

*Adams v. Gould, Inc.*, 739 F.2d 858 (3rd Cir. 1984) ------------------------------------------------ 1, 9

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ----------------------------------------------- 2

*Cornell & Co., Inc. v. Occupational Safety and Health Rev. Comm'n*, 573 F.2d 820 (3d Cir. 1978) ------------------------------------------------------------------------------------ 9

*Endo Pharmaceuticals Inc. v. Mylan Technologies, Inc.*, Civil Action No. 11-220-GMS 2013 WL 936452 (D. Del. Mar. 11, 2013) ------------------------------------------------------------ 2

*Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247 (3d Cir. 2007) ---------- 1

*Forrest v. Meta Platforms, Inc.*, No. 22-cv-03699-PCP, --- F.Supp.3d ----, 2024 WL 3024642 (N.D.Cal. June 17, 2024) ------------------------------------------------------------------ 8

*In re Adams Golf, Inc. Securities Litigation*, 381 F.3d 267 (3d Cir. 2004) ------------------------- 3

*Jang v. Boston Scientific Scimed, Inc.*, 729 F.3d 357 (3d Cir. 2013) --------------------------------- 2

*Kolbek v. Twenty First Century Holiness Tabernacle Church, Inc.*, No. 10-CV-4124, 2013 WL 6816174 (W.D. Ark. 2013) ------------------------------------------------------------------ 7

*Kroger Co. v. Smith*, 218 S.W.3d 359 (Ark. Ct. App. 2005) ------------------------------------------ 8

*Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008) ---------------------------------------- 2

*Pro-Comp Mgmt., Inc. v. R.K. Enterprises, LLC*, 237 S.W.3d 20 (Ark. 2006) --------------------- 9

*See Forrest v. Meta Platforms, Inc.*, No. 22-cv-03699-PCP, --- F.Supp.3d ----, 2024 WL 3024642 (N.D. Cal. June 17, 2024). -------------------------------------------------------- 8

*Sparks Reg'l Med. Ctr. V. Blatt*, 935 S.W.2d 304 (Ark. Ct. App. 1996) ---------------------------- 8

*Thomson Newspaper Pub., Inc. v. Coody*, 896 S.W.2d 897 (Ark. 1995) ------------------------------ 6

*Yeager v. KUAF 91.3 NPR Public Radio*, CASE NO. 5:20-CV-05054, 2020 WL 2449348 (W.D. Ark. May 12, 2020) ------------------------------------------------------------------- 8

### Statutes

Ark. Code Ann. § 4-75-1103(1)(A)(i)-(ii) ----------------------------------------------------------- 5

ii

Ark. Code Ann. § 4-75-1110(a)(1)(F) ------------------------------------------------------------------------ 4

Plaintiff Mike Huckabee ("Huckabee" or "Plaintiff") respectfully submits this reply in further support of his Rule 59(e) motion to alter or amend judgment, and in response to Defendant's opposition to the motion.

<u>**MEMORANDUM OF LAW**</u>

Meta argues undue delay, amendment futility, that this Court was wrong in determining Section 230 immunity did not apply here, and Plaintiff failed to properly replead his invasion of privacy and declaratory and injunctive relief claims. Defendant is wrong and this reply brief will address each argument.

**I. Plaintiff Timely Moved to Alter or Amend Judgment.**

Plaintiff's motion should be granted because he timely moved to alter or amend judgment with leave to amend his complaint. *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 253 (3d Cir. 2007) ("Under our Court's precedent, leave to amend within this window should, as Federal Rule of Civil Procedure 15(a) puts it, 'be freely given when justice so requires.'"). *Fletcher-Harlee Corp*. cites *Adams v. Gould, Inc.*, 739 F.2d 858 (3rd Cir. 1984), which reversed the district court for denying leave to amend after entry of summary judgment. The *Adams* court found the simple passage of time is not undue delay, and held the question of undue delay and bad faith requires focus on the plaintiff's motives in not amending earlier. *Id.* at 868. There, as here, defendants failed to point to any extrinsic evidence of bad faith or dilatory motive. Indeed, Huckabee had a good-faith belief his original pleading pled sufficient facts to place Meta on notice of his claims and that his pleading would be sustained under Rule 12(b)(6). *Endo Pharmaceuticals*

1

*Inc. v. Mylan Technologies, Inc.*, Civil Action No. 11-220-GMS 2013 WL 936452, *2 (D. Del. Mar. 11, 2013) (holding plaintiff's good-faith belief he had properly pled his claim was reasonable).

Put simply, Plaintiff followed the law. Huckabee filed his original complaint on July 1, 2024, which he believed in good faith gave Meta "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (a complaint is read in plaintiff's favor and Rule 8 requires only a short and plain statement of the claim and does not require "detailed factual allegations"). Meta moved to dismiss on September 5, 2024, arguing Section 230 granted it immunity and the complaint failed to state a claim upon which relief could be granted. Huckabee rightfully defended his original pleading, and the Court agreed with him on Meta's Section 230 immunity argument; however, on November 18, 2024, the Court granted Meta's motion as to the insufficiency of factual allegations on the element of scienter. Within the twenty-eight days provided by Rule 59(e), Plaintiff moved to alter judgment requesting leave to file an amended complaint and provided a redlined version of his proposed amended pleading. For these reasons, Plaintiff fully complied with the law. Meta's opposition cases are distinguishable.

In *Jang v. Boston Scientific Scimed, Inc.*, the district court declined to address one of Jang's contract claims because he never pled it, 729 F.3d 357, 367 (3d Cir. 2013), and Jang could not explain why he never did so. Instead, plaintiff there only tried to argue the claim existed through his briefing. *Id.* Unlike Jang, Huckabee's briefings did not argue

supposed claims he "would be prepared" to bring later. *Id.* Instead, Huckabee pled his causes of action, Meta moved to dismiss, and Huckabee justly defended his pleadings. There was no wrongful "wait-and-see" approach, D.I.29 at 11, and now Huckabee is properly moving to alter judgment under Rule 59(e)—an option the Third Circuit left open for Jang too. *Id.* ("Jang remains free to file a new motion for leave to amend").

*Adams Golf* is similarly unhelpful. In that securities case, the crux of the district court's denial of plaintiff's Rule 59(e) motion was that the proposed amendment did not contain allegations "curative of the pleading problems at issue." 381 F.3d 267, 280 (3d Cir. 2004). This was especially important considering the plaintiffs "had already amended their complaint once before." *Id.* at n.12. Contrary to *Adams Golf*, Huckabee's original pleading was at issue, and moreover, his proposed amendment contains the remedial factual allegations the Court requested, as demonstrated below and the opening brief.

## II. Plaintiff's Proposed Amended Complaint is Pled Properly.

Meta frames Huckabee's proposed amended complaint as pleading himself out of court, which is false. Instead, Plaintiff's proposed pleading meets the Rule 12 standards provided in *Twombly* and *Phillips,* and the Court's call for additional facts of scienter.

### A. Meta improperly raises its Section 230 affirmative defense again.

Meta says this Court was wrong in determining Section 230 immunity did not apply, and the Court should reverse itself and apply immunity, which will remove scienter elements of Plaintiff's claims. D.I.29 at 23-25. Obviously, Section 230 is not at issue in Plaintiff's Rule 59(e) motion, and moreover, Meta failed to file a motion for reconsideration to properly raise its affirmative defense again.

**B. Plaintiff properly pled his Frank Broyles Publicity Protection Act claim.**

Regarding scienter, the FBPPA requires that Meta knew or that it was apparent from the facts and circumstances that Plaintiff did not consent to the CBD ads' publication. Ark. Code Ann. § 4-75-1110(a)(1)(F). Indeed, the FBPPA's concern is not whether the ad was false or not, but instead whether Meta knew or was aware of facts or circumstances making it evident Huckabee had not authorized the ad. *Id.*

Meta ignores the statutory language which provides Meta is liable if it "[has] actual knowledge that a photograph or likeness on the system or network is in violation," or, "[i]n the absence of such actual knowledge, is [] aware of facts or circumstances from which a violation . . . is apparent." *Id.* Meta's string citation regarding actual knowledge is off point because none of its cases rely on the statutory language within the FBPPA. The proposed amendment provides the necessary facts evidencing Meta's knowledge and the facts and circumstances making it apparent to Meta that Huckabee had not authorized the CBD ad.

Plaintiff identified Meta's own published standards and policies, which it implemented during its review and approval process of the subject CBD ad for publication on Facebook. By Defendant's own admission, its review of the ad was performed to ensure its accuracy and authenticity. D.I.26-1 at 13, ¶ 38.C; *id.* at 20-21, ¶38.H. Further, the proposed redline amendment pleads Governor Huckabee never consented to Meta's publication of the CBD ad (*Id.* at 11, ¶ 35; *id.* at 12), and further, that over a period of more than four years Meta knew it had published at least fourteen

4

substantially similar false CBD ads featuring other public figures it knew had not authorized the like CBD ads. *Id.* at 14-20, ¶ 38 F.(1)-(14).

Meta improperly disputes the merit of the facts alleged in the proposed amendment. Indeed, it argues that some of the factual allegations negate a finding of scienter. D.I.29 at 14. But read in Huckabee's favor, as the law requires, the allegations highlight Meta's clear knowledge or recklessness. Obviously, Meta did not "thwart" the scam advertisements as it alleges in dispute of Plaintiff's allegations, *id.*, but instead, reviewed the advertisements for authenticity and accuracy under its policies and procedures, approved them without Huckabee's permission, and by promoting the ads through its algorithm, turned them into Meta's own "first-party speech," D.I.24 at 7, violating the FBPPA and Huckabee's rights.

Meta's arguments regarding commercial use, first, improperly attack this Court's decision denying Meta Section 230 immunity, and second, ignore the statute's language once again. Commercial use "means the use of an individual's readily identifiable name, voice, signature, photograph, or likeness . . . for advertising, selling, or soliciting purchases of products, merchandise, goods, or services . . . or in connection with products, merchandise, goods, or other commercial activity that is not exempt." Ark. Code Ann. § 4-75-1103(1)(A)(i)-(ii). Contrary to Meta's improper dispute of the amendment's allegations, the proposed amendment alleges Meta "contributed to the content of the challenged advertisements." D.I.29 at 16. Indeed, Meta studied the ads under its own published policies, approved the ads without Huckabee's permission, and promoted the ads through its algorithm. D.I.26-1 at 13, ¶ 38.C.; *id.* at 20-21, ¶ 38.H.; *id.* At

5

14-20, ¶ 38.F.(1)-(14). These actions were, among other things, Meta's first-party speech and unlawful commercial use. Meta used the ads "in connection with" its advertising business and in its role as an information content provider to "profit[] from engagement, whether for good or for harm." D.I.26-1 at 21, ¶ 38.I.

### C. Invasion of Privacy – False Light is properly pled.

Meta disputes actual malice; however, Huckabee's proposed amendment bolsters his allegations to "permit the conclusion that [Meta] in fact entertained serious doubts as to the truth of [its] publication." *Thomson Newspaper Pub., Inc. v. Coody*, 896 S.W.2d 897, 901-02 (Ark. 1995); *see also* D.I.26 at 9. Meta claims its policies and procedures designed to prevent or mitigate scam advertisements "is the opposite of actual malice." D.I.29 at 18. But this ignores the totality of the proposed amendment. The complaint pleads Meta reviewed the individual ads, it approved the ads, it did so after four years' worth of similar false ads, *supra*, and while rubber-stamping the scam ads placing Huckabee in a false light, Meta placed Huckabee's actual Facebook page in "Facebook Jail" for content it deemed false and misleading. D.I.26-1 at 21, ¶ 39. This is actual malice.

### D. Defamation is properly pled.

Meta argues Huckabee has not pled actual reputational harm, but he certainly has. Huckabee pled actual reputational harm to him both personally and professionally. Beginning in Paragraph 41 of the proposed amendment, which is adopted in Paragraph 64, Plaintiff properly pleads loss of reputation, anxiety, stress, and worry that those that might hire him for speeches or appearances would believe he was tied into marijuana or similar CBD products, or that he was so ill he would turn down the work. D.I.26-1 at 21-

6

22, ¶ 41, and at 29, ¶ 64. Further, at the time Meta published the ads, Huckabee's television show on Trinity Broadcasting Network was up for renewal. *Id*. Because of the ads' inflammatory message, Huckabee was required to expend communication and conferences with the television network to address the ads' lack of veracity and proper authorization. *Id.* This time expended is actual damage. The complaint also alleges fans believed the fake ads and purchased the CBD products. *Id.* at 8, ¶ 22. This affirms the ads' defamatory link between Huckabee and the CBD industry. This is "actual reputational injury." *Kolbek v. Twenty First Century Holiness Tabernacle Church, Inc.*, No. 10-CV-4124, 2013 WL 6816174, *19 (W.D. Ark. 2013). In sum, Meta uses President Trump's selection of Governor Huckabee for Ambassador to Israel to argue he suffered no damage (D.I.29 at 20), but obviously Meta's contention improperly disputes the pleading at this stage of the proceedings. Indeed, its argument goes to the extent of the damages and something a jury will eventually decide. Meta also ignores the selection came after Governor Huckabee sued Meta and called it out for publishing the false and unauthorized CBD ads.

### E. Negligence is properly pled.

Meta cites two Arkansas cases for the proposition it had no duty to Plaintiff to ensure its advertising featuring Governor Huckabee was authorized. Two things are wrong with the argument. First, the negligence count is not pled in terms of defamation as Meta says. Instead, the focus of the negligence claim is on Meta's use of its Ad Manager, and its own policies and standards and Meta negligently failed to ensure the ads at issue were, at least, authentic. Given Meta's four years of experience with CBD ads falsely

depicting public figures without their consent, and those victims placing Meta on notice the CBD ads not at all authorized, it at least acted negligently with respect to its promised advertising standards. The *Yeager v. KUAF 91.3*[1] and *Kroger v. Smith*[2] decisions have nothing to do with advertising or duties flowing from unauthorized ads. Instead, *Yeager* held a journalist does not have a professional duty of care. Obviously, Meta has not been sued for journalist malpractice. And *Kroger* simply held a grocery store does not have a duty to carry groceries out to a customer's car. Both cases are easily distinguishable. Meta, as an advertiser with published standards and polices to ensure authenticity has a duty of care, particularly Meta with these multiple CBD ads that were knowingly unauthentic for many years, has a duty of care. *See Forrest v. Meta Platforms, Inc.*, No. 22-cv-03699-PCP, --- F.Supp.3d ----, 2024 WL 3024642, *7 (N.D. Cal. June 17, 2024).

**F. Unjust enrichment is properly pled.**

Meta argues unjust enrichment requires it to have received something of value to which it is not entitled and must have done so through unjust events or motives. D.I.29 at 22. Both prongs are present in the amended complaint. Meta received compensation for violating Huckabee's publicity rights and did so by publishing defamatory ads about the Governor and without permission to use his name, image, and likeness rights.

*Sparks Reg'l Med. Ctr. V. Blatt*, 935 S.W.2d 304, 308 (Ark. Ct. App. 1996) is easily distinguished because in that case, the holding was an underlying express contract existed between the attorney and client, and therefore, the equitable theories of quasi-

---

[1] CASE NO. 5:20-CV-05054, 2020 WL 2449348 (W.D. Ark. May 12, 2020).

[2] 218 S.W.3d 359 (Ark. Ct. App. 2005).

contract or unjust enrichment did not apply. Unlike *Sparks*, Huckabee and Meta did not agree, much less contract to, the use of Huckabee's name, image, and likeness rights. D.I.26-1 at 11,¶¶ 32 & 35. Instead, Meta violated Huckabee's rights and profited by doing so. *Id.* at ¶¶ 8, 38.I., 40. Meta "should not be permitted unjustly to enrich [itself] at the expense of another." *Pro-Comp Mgmt., Inc. v. R.K. Enterprises, LLC*, 237 S.W.3d 20, 24 (Ark. 2006).

## III. Meta Suffers No Prejudice with the Amendment's Filing.

Prejudice "is the touchstone for the denial of an amendment." *Cornell & Co., Inc. v. Occupational Safety and Health Rev. Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978). Meta has not, because it cannot, demonstrate any prejudice here. Meta is not faced with an untimely Rule 59(e) motion, nor is Meta faced with an eleventh-hour amendment requiring extensive additional discovery. The Third Circuit recognizes that not only are amendments allowed at the motion to dismiss stage of a case, but are even typical at the summary judgment stage. *See Adams*, at 869.  Here, obviously, Meta has not gone through rounds of amendments, discovery, litigated any facts through summary judgment, or conducted a trial to demonstrate the required prejudice. The proposed amendment pleads additional facts but maintains the same themes and basic theories of the original complaint. *Id.* at 869-70.

## CONCLUSION

Huckabee's motion to alter or amend judgment should be granted, as should his request to file his proposed amended complaint.

DATED: January 21, 2025                    Respectfully submitted,

BELLEW, LLC

*/s/ Sean J. Bellew*
Sean J. Bellew, Delaware Bar No. 4072
sjbellew@bellewllc.com
2961 Centerville Rd., Ste. 302
Wilmington, DE 19808
(302) 252-4951

POYNTER LAW GROUP, PLLC

_____

Scott Poynter, Ark Bar 09077*
scott@poynterlawgroup.com
Daniel Holland, Ark Bar 2019237*
daniel@poynterlawgroup.com
Clay Ellis, Ark. Bar 2023183*
clay@poynterlawgroup.com
4924 Kavanaugh Blvd.
Little Rock, AR 72207
(501) 812-3943

*Admitted pro hac vice*

*Attorneys for Plaintiff*

10