**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MIKE HUCKABEE, | |
| Plaintiff, | |
| v. | Civil Action No. 24-773-GBW |
| META PLATFORMS, INC., | |
| Defendant. | |

## <u>MEMORANDUM ORDER</u>

On July 1, 2024, Plaintiff Mike Huckabee ("Plaintiff") filed this action against Defendant

Meta Platforms, Inc. ("Defendant") alleging several causes of action, including one claim arising

under Arkansas's Frank Broyles Publicity Rights Protection Act of 2016 (the "Broyles Act").  On

November 18, 2024, the Court granted Defendant's Motion to Dismiss for Failure to State a Claim

("Defendant's Motion") (D.I. 17).  D.I. 24; D.I. 25.  On June 24, 2025, the Court denied Plaintiff's

Motion to Alter or Amend Judgment under Federal Rule of Civil Procedure 59(e) ("Plaintiff's

Motion") (D.I. 26).  D.I. 32; D.I. 33.

On appeal, the Third Circuit "affirm[ed] the . . . Court's order denying the motion to alter

or amend the judgment with respect to the Broyles Act claim but vacate[d] and remand[ed] the . . .

Court's dismissal of the Broyles Act claim for consideration of [Defendant's] remaining challenge

to its adequacy (the commercial benefit argument) based on the allegations in the original

complaint." *Huckabee v. Meta Platforms, Inc.*, C.A. No. 25-2347, 2026 WL 1817252, at *5 (3d

Cir. June 23, 2026).  Thus, pending before the Court is Defendant's remaining challenge to the

adequacy of Plaintiff's original complaint (D.I. 1), which is based upon the commercial benefit

prong of Plaintiff's Broyles Act claim.  For the reasons set forth below, the Court finds that

Defendant's challenge to the commercial benefit prong of Plaintiff's Broyles Act claim is without merit. Plaintiff did adequately plead in his original complaint that Defendant commercially used Plaintiff's name and likeness for purposes of his Broyles Act claim.

## I.    BACKGROUND

### A.    Factual Background

Plaintiff is a Baptist minister, a former governor of Arkansas, an author, a former presidential candidate, and a radio and television host. D.I. 1 ¶ 2. Defendant is the parent company of Facebook and Instagram. *Id.* ¶ 7. Defendant obtains a substantial portion of its revenue from the sales of advertisements. *Id.* ¶ 8. Advertisers that purchase ads from Defendant may pay to have their advertisements appear in users' news feeds or to feature more prominently on users' news feeds. *Id.* ¶ 9. Defendant also "collects user data to train machine-learning algorithms to predict what content will keep and attract users" and "decides which posts appear at the top of users' newsfeed to maximize exposure to certain posts, including advertisements." *Id.* ¶ 10.

In or around May 2024, Plaintiff learned that advertisements falsely claiming that he promoted CBD were appearing on Facebook. *See id.* ¶¶ 13-19. For instance, one "advertisement was disguised as Fox News in [a] ruse to promote Fortin CBD gummies." *Id.* ¶ 16. Defendant approved and maintained the challenged advertisements. *Id.* ¶ 23. As a result of these advertisements, which were posted without his authorization, "Plaintiff is now wrongly associated with the CBD industry and marijuana use." *Id.* Plaintiff has talked to "numerous fans" that believed these advertisements were true and purchased CBD products as a result. *Id.* ¶ 22.

### B.    Procedural Background

Plaintiff filed this action against Defendant alleging several causes of action, including violation of the Broyles Act. D.I. 1. Defendant moved to dismiss Plaintiff's original complaint. D.I. 17. As it pertains to Plaintiff's Broyles Act claim, Defendant contended (1) it was exempt

2

from liability because it lacked sufficient knowledge that the challenged advertisements violated the Broyles Act and (2) that Plaintiff failed to allege that Defendant, as opposed to the third-party advertisers, received a commercial benefit from the challenged advertisements. D.I. 18 at 14-15. Defendant also contended that Section 230 of the Communications Decency Act ("Section 230") barred all of Plaintiff's claims. *Id.* at 6-13.

On November 18, 2024, the Court granted Defendant's Motion (D.I. 17). D.I. 24; D.I. 25. First, the Court rejected Defendant's Section 230 argument. D.I. 24 at 5-9. Then, turning to Plaintiff's Broyles Act claim, the Court credited Defendant's first contention (failure to plead scienter) and therefore did not reach Defendant's second contention (failure to plead commercial benefit). *Id.* at 9-10. Subsequently, Plaintiff filed his Motion, seeking to alter or amend the Court's judgment and requesting leave to amend his original complaint. D.I. 26. On June 24, 2025, the Court denied Plaintiff's Motion (D.I. 26). D.I. 32; D.I. 33.

Plaintiff appealed. On June 23, 2026, a panel of the Third Circuit issued an opinion that affirmed in part, vacated in part, and remanded for further proceedings. *Huckabee*, 2026 WL 1817252, at *1. In its opinion, the Third Circuit found that the allegations of the original complaint sufficed to show that Defendant "was plausibly 'aware of facts or circumstances' from which the advertisements' misuse of Huckabee's name, image, or likeness was 'apparent.'" *Id.* at *5 (quoting Ark. Code § 4-75-1110(a)(1)(F)(ii)). The Third Circuit remanded for this Court to consider Defendant's "remaining challenge to [the Broyles Act claim's] adequacy (the commercial benefit argument) based on the allegations in the original complaint." *Id.*

## II.    **LEGAL STANDARD**

To state a claim on which relief can be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a Rule 12(b)(6) motion, a complaint must set forth enough factual allegations to 'state a

3

claim to relief that is plausible on its face.'" *Klotz v. Celentano Stadtmauer & Walentowicz LLP*, 991 F.3d 458, 462 (3d Cir. 2021) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "When reviewing a Rule 12(b)(6) motion, [the Court] accept[s] as true all factual allegations in the complaint and view[s] those facts in the light most favorable to the non-moving party." *Id.* (citation omitted). However, the Court will "disregard legal conclusions and recitals of the elements of a cause of action supported by mere conclusory statements." *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016) (citing *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010)). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Id.* (quoting *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010)).

## III.    DISCUSSION

Prior to the passage of the Broyles Act, Arkansas courts recognized a common law right of action for invasion of privacy under an appropriation theory. *See Dodrill v. Arkansas Democrat Co.*, 265 Ark. 628, 637 (Ark. 1979); *see also* Restatement (Second) of Torts § 652C (1977) ("One who appropriates to his own use or benefit the name or likeness of another is subject to liability to the other for invasion of his privacy."). Arkansas's preexisting common law right of action for appropriation claims involving the unauthorized commercial use of an individual's name or likeness was abrogated by the Broyles Act. *See Huckabee v. Meta Platforms, Inc.*, C.A. No. 24-773-GBW, 2024 WL 4817657, at *5 (D. Del. Nov. 18, 2024), *vacated in part on other grounds*, 2026 WL 1817252 (3d Cir. June 23, 2026); *see also* Ark. Code § 4-75-1111(a).

4

The Broyles Act codifies an individual's "property right in the commercial use by any medium in any manner without the individual's prior consent of . . . [t]he individual's name, voice, signature, photograph, or likeness" and any "combination" thereof.  Ark. Code § 4-75-1104(a). The Broyles Act creates a statutory cause of action against any person "who *commercially uses* the name, voice, signature, photograph, or likeness of an individual" absent proper authorization. *Id.* § 4-75-1108(a) (emphasis added).  "Commercial use," in turn, is defined to mean *"the use of an individual's readily identifiable name*, voice, signature, photograph, *or likeness . . . [f]or advertising*, selling, or soliciting purchases of products, merchandise, goods, or services; *or . . . [o]n or in connection with* products, merchandise, goods, or *other commercial activity that is not exempt under this subchapter."  Id.* § 4-75-1103(1)(A) (emphasis added).  Excluded from this definition of commercial use is "the use of an individual's name, voice, signature, photograph, or likeness to identify the individual for the purpose of . . . [d]ata collection or data reporting and supplying the data collected or reported; or . . . [d]ata processing, data matching, data distribution, or data licensing." *Id.* § 4-75-1103(1)(B).

"The Broyles Act also creates classes of persons subject to exemptions from liability." *Huckabee*, 2026 WL 1817252, at *4.  "One of those applies to 'service provider[s] of a system or network,' who are generally exempt from liability under the Act unless they possess 'actual knowledge that a photograph, voice, or likeness on the system or network is in violation' of the Act or are 'aware of facts or circumstances from which a violation of this subchapter is apparent.'" *Id.* (quoting Ark. Code § 4-75-1110(a)(1)(F)).  The Third Circuit has already found that the allegations of Plaintiff's original complaint suffice to show that Defendant "was plausibly 'aware of facts or circumstances' from which the advertisements' misuse of [Plaintiff's] name, image, or likeness was 'apparent.'" *Id.* at *5 (quoting Ark. Code § 4-75-1110(a)(1)(F)(ii)).

5

The narrow question before the Court is whether the original complaint plausibly alleges that Defendant commercially used Plaintiff's name, image, or likeness under the Broyles Act. Defendant contends that the original complaint "fails to allege that [Defendant] – as opposed to the third-party advertisers – 'used' Plaintiff's name and likeness for its 'commercial benefit.'" D.I. 18 at 14.[1] Plaintiff disagrees. According to Plaintiff, Defendant "approv[ed], maintain[ed], and [algorithmically promot[ed] the scam ads," permitting liability under the Broyles Act. D.I. 20 at 16.

The Court agrees with Plaintiff and finds that Plaintiff's original complaint adequately alleges commercial use under the Broyles Act. Plaintiff's original complaint alleges that Defendant sells advertisements to support its operations, accepts payments so that certain advertisements appear more prominently on the feeds of its users, "decides which posts appear at the top of users' newsfeed to maximize exposure to certain posts, including advertisements," approved and maintained the challenged advertisements, and that the challenged advertisements reached numerous individuals. *See* D.I. 1 ¶¶ 8-11, 22-24. Furthermore, as the Third Circuit found, the original complaint plausibly alleges that Defendant "was . . . 'aware of facts or circumstances'

---

[1] In support of this contention, Defendant relies primarily on authorities that do not apply Arkansas law or right of publicity statutes. D.I. 18 at 14-15; D.I. 29 at 10-11; *see Cabaniss v. Hipsley*, 151 S.E.2d 496, 505 (Ga. Ct. App. 1966) (Georgia law); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691-94 (9th Cir. 1998) (California law); *cf. Stanley v. General Media Communications, Inc.*, 149 F. Supp. 2d 701, 706 (W.D. Ark. 2001) (Arkansas law); *Cornette v. Graver*, No. 3:19-CV-219, 2020 WL 1643370, at *11 (W.D. Pa. Apr. 2, 2020) (Pennsylvania right of publicity statute). It bears noting that "[n]ot every state recognizes such a tort [for violation of the right of publicity], however, and those that do employ widely divergent definitions." *Sampedro v. Anyado Grp., LLC*, No. CV 22-1402 (BAH), 2023 WL 1398577, at *4 (D.D.C. Jan. 31, 2023) (citations omitted); *see also Hepp v. Facebook*, 14 F.4th 204, 223-225 (3d Cir. 2021) (Cowen, J., concurring in part and dissenting in part) (discussing inconsistencies between the rights of publicity in different states).

from which the advertisements' misuse of Huckabee's name, image, or likeness was 'apparent.'" *Huckabee*, 2026 WL 1817252, at *5 (quoting Ark. Code § 4-75-1110(a)(1)(F)(ii)).

Drawing all reasonable factual inferences in favor of Plaintiff, the Court finds that Plaintiff has adequately alleged that Defendant commercially used Plaintiff's name and likeness for the purposes of the Broyles Act.[2] Defendant's involvement with the challenged advertisements, as alleged in the original complaint, differs from that of the defendants in, for example, *Stanley*, *Newcombe*, and *Cabaniss*, and goes beyond "mere publication" of the challenged advertisements. *Cf. Stanley*, 149 F. Supp. 2d at 706 (granting summary judgment as to a defendant where "there [was] no evidence that [the magazine] capitalized on the Plaintiffs' likeness to sell copies" of its magazine and "no evidence suggest[ed] that the Plaintiffs would be easily identified by the general public"); *Newcombe*, 157 F.3d at 693 (affirming summary judgment as to the publisher of a magazine, since the benefit that the magazine publisher received, "payment for the advertising space—was unrelated to the contents of the advertisement"); *Cabaniss*, 114 Ga. App. at 381 (publisher's "passive" contribution to the alleged misappropriation as a "conduit" was insufficient since "appropriation of plaintiff's photograph did not inure to his benefit, use or advantage, but to that of his advertiser"). Rather, the original complaint plausibly alleges that Defendant has engaged in commercial use under the Broyles Act. *See* Ark. Code § 4-75-1103(1)(A). Defendant relies upon *Newcombe* and *Cabaniss* for the proposition that "a publisher of false third-party advertisements does not, merely by publishing those advertisements without knowledge of their falsity, misappropriate a plaintiff's name, photograph, or likeness for its 'commercial benefit.'"

---

[2] As the Court previously recognized – albeit in the context of a Section 230 analysis – Plaintiff's claims treat Defendant as the "publisher or speaker" of the challenged advertisements. *Huckabee*, 2024 WL 4817657, at *3 (cleaned up). In the context of the same analysis, the Court found that certain decisions by Defendant with respect to its use of algorithms were Defendant's own "expressive activities" and "first-party speech." *See id.* (cleaned up).

D.I. 18 at 15 (citations omitted). Putting aside that neither case applied Arkansas law or the Broyles Act, this assertion is diminished by the Third Circuit's findings regarding Defendant's awareness, as set forth above. Thus, the Court finds that Defendant's challenge to the commercial benefit prong of Plaintiff's Broyles Act claim as alleged in Plaintiff's original complaint (D.I. 1) is without merit.

## IV.   CONCLUSION

For the foregoing reasons, the Court finds that Defendant's challenge to the commercial benefit prong of Plaintiff's Broyles Act claim is without merit and finds that Plaintiff adequately pled that Defendant commercially used Plaintiff's name and likeness for purposes of Plaintiff's Broyles Act claim.

WHEREFORE, at Wilmington this 13th day of August 2026, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss for Failure to State a Claim (D.I. 17) is DENIED with respect to Plaintiff's Broyles Act claim.

_____

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE